LANDRY, Judge.
This appeal by plaintiff, East Baton Rouge Parish,-is from the judgment of the trial court sustaining defendant’s exception of two years prescription, pursuant to LSA-R.S. 9:5625, subd. A in bar of appellant’s petition seeking a rule nisi directing appellee to show cause why appellee should not be directed to remove a house trailer allegedly situated upon appellee’s property in violation of the Parish’s zoning ordinance prohibiting location of house trailers in areas zoned residential A-l.
It is undisputed that this action was instituted on October 31, 1969, and that the assertedly offending trailer was moved onto defendant’s premises on October 20, 1967. It is likewise unquestioned that on October 23, 1967, an inspector from appellant’s Department of Public Works first observed the trailer on defendant’s property. The sole question before the Court is whether the prescriptive period applicable herein commenced running as of the date the trailer was first noted by appellant’s employee or the date on which it was first occupied. In this regard, appellant argues occupancy should not be deemed to have commenced until December 7, 1967, on which date a meter was installed to furnish electricity for the inhabitants of the trailer.
The trial court found that prescription commenced as of the date appellant’s employee became aware the trailer was on defendant’s property in violation of the zoning ordinance. With this conclusion, we are in accord.
The pertinent provisions of the applicable ordinance are Sections 2:201 and 8:204(c) thereof which provide as follows :
“SECTION 2:201 — IN THE A 1 DISTRICT ONLY FOR:
Single Family dwellings.
Public parks, public libraries, public elementary and high schools, and public community buildings.
Private schools with a curriculum similar to public elementary and high schools.
Hospitals, nursing homes, and educational, religious, and philanthropic institutions, provided, however, that such uses shall be located on sites of 10 acres or more, that buildings shall not occupy more than 10 per cent of the site area, and that buildings be set back from all yard lines a distance of at least one foot each foot of building height.
SECTION 8:402(c) — TO PERMIT THE FOLLOWING THREE EXCEPTIONS :
(c) To permit the location of an individual house trailer outside the *917 city limits in connection with an existing residence provided that:
(1) Property contains at least 3 acres and the existing residence has adequate septic tank to which a trailer may be connected.
(2) Any such trailer be located at . least 100 feet from the street and SO feet from adjacent residences.
(3) Any such property have at least 100 feet of frontage on a Parish maintained road.
(d) To permit the location of individual house trailers in the A, Bl, Cl and C2 Districts in the event that a residence is destroyed by storm, fire or act of God, and such trailer will be allowed only for the period of time that it takes to construct a new residence, subject to the restriction in (f) below.
(e) To permit the location of individual house trailers in conjunction with existing residences in all districts except A1 Single Family in cases of extreme hardship provided that:
(1) Board of Adjustment action will be based on a complete report by the Permit Department to be submitted to the Board for its determination as to whether the case is a true hardship.
(2) Any house trailer allowed to be located under the provisions of this section may not be rented to anyone other than that person for which the permit was applied.
(f) In the case of any permit authorized under (d) and (e) above, the permit shall be for a period not to exceed six (6) months, except that where application is made for an extension, the Board of Adjustment may grant such extension for an additional period of six (6) months.” (Emphasis supplied by the Court.)
Appellee’s exception of prescription is predicated on LSA-R.S. 9:5625, subd. A which states:
“A. All actions, civil or criminal, created by statute, ordinance or otherwise, which may be brought by parishes, municipalities or their instrumentalities or by any person, firm or corporation to require enforcement of and compliance with any zoning restriction, building restriction or subdivision regulation, imposed by any parish, municipality or their instrumentalities, and based upon the violation by any person, firm or corporation of such restriction or regulation, must be brought within two years from the first act constituting the commission of the violation; provided, that where a violation has existed for a period of two years prior to August 1, 1956, the action must be brought within one year from and after August 1, 1956, and provided further that with reference to violations of use regulations all such actions, civil or criminal, must be brought within two years from the date the parish, municipality or their instrumentality first had knowledge of such violation, or within one year from August 1, 1956. Any prescription heretofore accrued by the passage of two years shall not be interrupted, disturbed or lost by operation of the provisions of this Section.” (Emphasis supplied by the Court.)
Appellant maintains the mere placing of the trailer upon defendant’s premises did not constitute a violation of the ordinance in question. In so contending, appellant argues that a property owner should not be subjected to penalty or prosecution for temporarily parking a trailer on property zoned Residential A-l. Appellant also urges that the ordinance does not proscribe the mere parking of a trailer *918 in such a zone but rather prohibits occupancy of a trailer as an abode.
Prior to moving subject trailer on his property, defendant owned a non-conforming house trailer which had been on his land for many years. In addition, defendant possessed a “vacationeer” which the record describes as a trailor-type vehicle not customarily used for continuous habitation. Both said trailers were serviced electricity by a single meter, the vaca-tioneer being serviced by a line run by defendant from the house trailer which in turn was connected to the meter. On October 24, 1967, defendant applied to the local utility for a meter, not for a new trailer but for relocation of a non-conforming trailer. Appellant maintains that since the request for the second meter was based on false representations, prescription could not equitably be said to commence until the second meter was installed.
It is well established law that zoning ordinances, being in derogation of rights of ownership in that they tend to curtail and limit the use of property, must be strictly construed in favor of the property owner. Wright v. DeFatta, 244 La. 251, 152 So.2d 10.
Construed together, the herein-above quoted provisions of the applicable ordinance lead to the conclusion that Section 2:201 prohibits “location of an individual house trailer” on property zoned A — 1. In this regard we particularly note Section 8:402(c), (c) (3) (d) and (c) (3) (e) contain exceptions to the prohibition against location of house trailers in certain specifically mentioned zones, exclusive of Zone Residential A-l. The unmistakable import of the provisions is that “location” is permitted as an exception, the correlative of which is that “location” is otherwise proscribed. The term “occupancy” is not to be found in either of the cited provisions.
That plaintiff’s inspector was of the opinion that occupancy, as evidenced by the furnishing of electrical service to a trailer, rather than physical location of a trailer upon property, was the operative factor, is a matter of no moment. The ordinance does not require occupancy, merely location. Interpretation of laws is a judicial not an administrative function.
In unmistakable terms LSA-R.S. 9 :5625, subd. A provides that all actions relative to alleged use violations of parish zoning ordinances must be brought within two years of the date the parish first had knowledge of the violation.
In the case at hand it is acknowledged that plaintiff’s inspector became aware on October 23, 1967, that the trailer in question was “located” on defendant’s property. Such knowledge commenced the running of the prescriptive period as of October 23, 1967. Since the instant suit was not filed until October 31, 1969, it must be deemed prescribed.
That defendant misrepresented the purpose of his application made October 24, 1967, for a second meter, does not affect the commencement date of prescription under the circumstances of this case. For obvious reasons, one may not benefit from his own fraudulent conduct. Had defendant’s conduct prevented plaintiff from discovering the violation until a meter was installed for the offending trailer, there would be merit in plaintiff’s contention. Here, however, plaintiff’s inspector was independently aware of the violation prior to defendant’s application.
The judgment of the trial court is affirmed; appellant East Baton Rouge Parish is cast for all costs to which it is amenable at law.
Affirmed.