258 So.2d 90 (1972)
Hazel M. RUNDELL et al., Plaintiffs-Appellants,
v.
Ed MAY and Lelon Swanner, Mayor of the Town of Jonesboro, Louisiana, Defendants-Appellees.
No. 11747.
Court of Appeal of Louisiana, Second Circuit.
February 1, 1972.
Rehearing Denied February 29, 1972.
Writ Refused April 6, 1972.
Holloway, Baker, Culpepper, Brunson & Cooper, Jonesboro, for plaintiffs-appellants.
Leon Whitten, Jonesboro, for Ed May.
Emmons & Henry, W. Jackson Emmons, Jonesboro, for Leon Swanner, Mayor.
Before BOLIN, PRICE and HEARD, JJ.
En Banc. Rehearing Denied February 29, 1972.
BOLIN, Judge.
Plaintiffs own property near a lot owned by Ed May in the Town of Jonesboro, Louisiana. May's property is zoned "R-1" which is a zoning classification for "onefamily residences". May attempted to place a mobile home on his lot and plaintiffs sought a preliminary injunction against May, the Town of Jonesboro and its Mayor to prevent the placing of the mobile home on his lot. From judgment rejecting plaintiffs' demands for a preliminary injunction, plaintiffs appeal. We affirm the judgment of the lower court.
The case was tried upon an agreed stipulation of facts which included, as a part thereof, the zoning ordinance of the Town of Jonesboro. It was stipulated May applied to the Planning Commission of the Town of Jonesboro for a change in the zoning classification of his property from its present "R-1" classification to a "B-3" classification in order that he might establish a trailer court thereon. His application was not recommended by the Planning Commission and no action was taken by the Board of Aldermen for the town. May did not make formal application for authority to place the trailer or mobile home on his lot but commenced improvements in preparation for placing the trailer thereon. After informally consulting the chairman of the Planning Commission, the Mayor and the office of the Zoning Administrator and having been informed it was their interpretation that one trailer could be placed on a lot by the owner without obtaining approval of the Planning Commission, May prepared to move the mobile home onto his property.
It was further stipulated trailers had been placed upon other residential lots in "R-1" districts in the town in accordance with the interpretation of the zoning ordinance by the zoning authorities.
The petition seeks to enjoin May from "beginning any construction as the laying of sewer lines, making electrical hook-ups, and/or placing mobile homes, trailer homes, *91 and house trailers upon the property . .", alleging that such a use of May's property would be in violation of the zoning ordinance.
The pertinent sections of the zoning ordinance provide:
"PART II. REGULATIONS
"CHAPTER I. DISTRICTS
"SECTION A. ESTABLISHMENT AND DEFINITIONS
"1. Creation of Districts. For the purpose of this ordinance, the Town of Jonesboro is divided into the following districts
"R-1 Districts One-Family Residence Districts.
* * * * * *
"6. Character of Districts
"a. R-1 Districts: One-family Residence Districts. These districts are composed mainly of areas containing onefamily dwellings and open areas where similar residential development seems likely to occur; few two-family and multiple-family dwellings are found in these areas. The district regulations are designed to protect the residential character of the areas by prohibiting commercial activities; to encourage a suitable neighborhood environment for family life by including among the permitted uses such facilities as churches and schools, and to preserve the openness of the areas by requiring certain minimum yard and area standards to be met.
* * * * * *
"SECTION B. RESIDENTIAL DISTRICTS
"1. R-1 Districts:
a. Permitted Uses. In R-1 Districts only the following uses are permitted:
(1) Uses by Right.
Accessory Use
Dwelling, One-Family Farming and Truck Gardening; need not be enclosed within structure
Home Occupation
Name Plate, not exceeding one square foot in area; need not be enclosed within structure
Park or Playground (public) including Recreation Center; need not be enclosed within structure.
* * * * * *
"PART III. DEFINITIONS
"CHAPTER I. DEFINITIONS
"For the purposes of this ordinance certain words and phrases used herein are defined as follows:
* * * * * *
"BUILDING. Any covered structure intended for the shelter, housing, or enclosure of persons, animals, or chattels; the term `building' shall be construed to include the term `structure'.
* * * * * *
"DWELLING UNIT. One or more rooms in the same structure, connected together and constituting a separate, independent housekeeping unit for permanent residential occupancy and with facilities for sleeping and cooking.
"DWELLING, ONE-FAMILY. A detached building containing one dwelling unit and used exclusively by one family.
* * * * * *
"PERMITTED STRUCTURE. A structure meeting all the requirements established by this ordinance for the district in which the structure is located.
* * * * * *
"STRUCTURE. Anything constructed or erected which requires location on the ground or attached to something having a location on the ground; provided, however, that utility poles and fences and walls (other than building walls) shall not be considered to be structures."
*92 The primary issue on appeal is whether a mobile home which is used for the living quarters of one family and is attached to the soil for the purpose of connecting it to sewerage lines, etc., is a "one-family dwelling" under the zoning ordinance of the Town of Jonesboro.
Appellants rely on City of New Orleans v. Louviere. (La.App.Orl.1951), 52 So.2d 751, and City of New Orleans v. Lafon (La.App.Orl.1952), 61 So.2d 270. In Louviere the property owner was using three lots in the City of New Orleans for the purpose of operating a commercial trailer court. The property was zoned for residential purposes. There the court said:
"The only question posed for our consideration is whether defendant is using his property, which is located in an `A' residential district, for commercial purposes, in contravention of the Comprehensive Zone Law of the City of New Orleans."
It is true the court also said:
"A casual reflection upon the foregoing facts is convincing proof that trailers although containing living quarters and placed on `blocks' or temporary foundations, merely for balance and to preserve the pneumatic tires which they ordinarily rest upon, and which may again operate upon the highways at the caprice of the owners, are not one or two family dwellings as is permitted by virtue of the provisions of the Comprehensive Zone Law in `A' residential sections of the City of New Orleans."
We hold the statement made by the court to the effect that trailers, although containing living quarters, are not "dwellings" is obiter dictum.
Interpretation of a zoning ordinance of the City of New Orleans was also involved in City of New Orleans v. Lafon, supra. There the property was being used as a trailer court and it was properly decided such use was commercial as distinguished from residential.
Counsel for appellees have urged in brief before this court that there is no provision in the zoning ordinance which would prohibit the placing of a mobile home upon a lot in an "R-1" district. In support of this position they cite the cases of Carrere v. Orleans Club, 214 La. 303, 37 So.2d 715 (1948), and City of New Orleans v. Buffa (La.App.Orl.1953) 69 So.2d 140. These cases follow the well-established principle of law that a zoning ordinance, being in derogation of rights of private property, must be strictly construed in favor of the property owner and where exemptions appear in favor of the property owner they also should be liberally construed in his favor.
A research of the general law dealing with this particular question reveals a lack of uniformity throughout other jurisdictions. See 96 A.L.R.2d, pages 254-260. See also 101 C.J.S. Zoning § 146.
We hold the placing of a mobile home on a lot, which has been designated by the zoning authorities of the Town of Jonesboro as "R-1, one-family residential district", is not prohibited by any provision of the ordinance from which we have quoted extensively. It is apparent the purpose of the ordinance is to insure that property in a particular area will have the same general neighborhood characteristics, the idea being that a commercial building, for example, will not be erected in an area designated for family dwellings. There is no provision in the ordinance as to the type of structure that must be erected so long as it is being used as a one-family dwelling. For example, in an "R-1" district, building is generally limited to one-family dwellings. In an "R-2" district, with certain exceptions, only two-family or multiple-family dwellings are permitted. The ordinance further provides that one-family districts are composed mainly of areas containing one-family dwellings and open area where similar residential development seems likely. From the reference in the ordinance to "building", "dwelling unit", "structure" and "permitted structure", it becomes evident that the mobile *93 unit in the instant case should be classified as a "one-family dwelling". To adopt a contrary conclusion would call for a liberal construction of the zoning ordinance in favor of the municipality and against the property owner, which is contrary to the jurisprudence of Louisiana.
Having decided the judgment is correct on the ground that a house trailer is a onefamily dwelling within the meaning of the zoning ordinance, it is unnecessary for us to pass on the questions of whether the Mayor of the town had authority to establish a zoning rule contrary to the ordinance and whether Ed. May has been denied equal protection of the law under the Fourteenth Amendment of the Constitution of the United States.
The judgment of the lower court is affirmed at appellants' cost.