342 So.2d 691 (1977)
CITY OF OAKDALE, Plaintiff-Appellant,
v.
Delores Navarre BENOIT, Defendant-Appellee.
No. 5715.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1977.
Rehearing Denied March 3, 1977.
Writ Refused April 22, 1977.
*692 Perrell Fuselier, Oakdale, for plaintiffappellant.
Edwards, Stefanski & Barousse by J. Michael Stefanski, Crowley, for defendant-appellee.
Before HOOD, DOMENGEAUX and HUMPHRIES, JJ.
HOOD, Judge.
The City of Oakdale instituted this suit seeking to enjoin defendant, Delores Navarre Benoit, from placing a mobile home on a lot owned by her in that city. It alleges that the location of the mobile home on that lot would violate the Zoning Ordinances of the City of Oakdale and would cause irreparable injury. Defendant answered and filed a reconventional demand praying, among other things, for judgment allowing her to locate the structure on that lot.
While the suit was pending, and before the trial was held, defendant moved the mobile home onto her lot. In view of that fact, the parties stipulated at the trial that the suit would be treated as an action for a declaratory judgment interpreting pertinent parts of the zoning ordinance, rather than as an action for injunctive relief.
After trial on the merits, judgment was rendered by the trial court in favor of Mrs. Benoit and against the City of Oakdale, decreeing that defendant "is not in violation of the Zoning Ordinances of the City of Oakdale by locating a structure known as Vista Villa 14 &times78 house trailer, as modified," on the above lot. The City of Oakdale appealed.
The sole issue presented is whether the structure which Mrs. Benoit placed on her lot is a "Trailer, Mobile Home," as that term is used in the Zoning Ordinance of the City of Oakdale, and thus whether the locating, erecting, altering or use of that structure on that lot is prohibited by the provisions of the above zoning ordinance.
On November 5, 1973, Mrs. Benoit purchased a house trailer or mobile home from Southern Castles Mobile Homes, Inc., Alexandria, Louisiana, for the sum of $11,493.00. The mobile home purchased by her was 14 feet wide and 78 feet long. Immediately after purchasing it, she had it towed from Alexandria to a trailer park in Oakdale, and she and her two minor children resided in it for more than two years thereafter while it was located in that trailer park.
On September 26, 1975, defendant purchased three lots in the City of Oakdale, all of which are located in an area designated on zoned by the Zoning Ordinance of the City of Oakdale as an "A-2 Single-family (Low Density)" District of that city. Prior to purchasing those lots she was advised by an attorney that they might be in a zoned district in which the placing of a house trailer or a mobile home is prohibited. Mrs. Benoit thereupon contacted the Clerk of the City of Oakdale who informed her that the zoning restriction applied to the property which she was about to purchase. Defendant nevertheless purchased the above lots, and she then applied to the Board of Adjustment of the City of Oakdale for a change or variance of the zoning ordinance to permit her to locate her mobile home on the property which she had acquired. A hearing was held on her application, but the Board of Adjustment denied her request on December 11, 1975.
This suit was instituted by the City of Oakdale on December 15, 1975. The City alleges that defendant had announced her intention to move her mobile home on the property which she had purchased despite the provisions of the city's zoning ordinance, and it prayed for judgment enjoining her from doing so. A temporary restraining order was issued on that date, but that order expired before a hearing was held, and on January 5, 1976, Mrs. Benoit moved her mobile home onto one of the lots which she had purchased.
This case was tried on its merits on January 21, 1976. Following that trial, the district judge found that "at the time this action was instituted and before the dwelling was moved to the present location, it was indeed a trailer, mobile home, within the definition of the zoning ordinance and, *693 therefore, its location on the lot in question was proscribed." He also found, however, that while the suit was pending the defendant removed the wheels, axles and the tongue from the trailer, and that she"sealed in the bottom with bricks or concrete." He concluded that "that which presently exists on defendant's lot is not a vehicle," and that "it once was a vehicle but is no longer." He accordingly rendered judgment declaring that defendant was not in violation of the zoning ordinance in placing and maintaining her mobile home on that property. The City of Oakdale has appealed from that judgment.
The Zoning Ordinance of the City of Oakdale was adopted on April 26, 1973, pursuant to the provisions of LSA-R.S. 33:4721-4729. Under that ordinance, the city is divided into zoned districts and regulations are set out for each such district. The ordinance provides that "no building, structure or land shall hereafter be used or occupied, and no building or structure or part thereof shall hereafter be erected, constructed, reconstructed, moved, or structurally altered unless in conformity with all of the regulations herein specified for the district in which it is located." See Section 1.3, Zoning Ordinance of the City of Oakdale.
One of the zoned districts created by the ordinance is the "A-2 Single-family (Low Density) District." The regulations pertaining to that type district are set out in Section 2.4 of that ordinance. Sub-Section 2.401 restricts the use of property in such a district to "dwellings," and to some other purposes which clearly are not applicable here. Sub-Section 2.402 prohibits "all uses not permitted herein." In Sub-Section 9.214, a "dwelling" is defined, in part, as follows:
"9.214 Dwelling: A building used entirely for residential purposes and shall not be construed to include trailers. . . ." (Emphasis added).
The ordinance thus prohibits the location, erection, alteration or use of "trailers" in an A-2 Single-family (Low Density) District.
The ordinance also creates another district, the "A-7 Mobile Home and Trailer Park District," and the regulations pertaining to that type district are set out in Section 2.9. Sub-Section 2.901 provides that the permitted uses are: "Parking of mobile home type trailers and travel trailers when used as residences." A mobile home and a travel trailer are defined in Sub-Sections 9.243 and 9.245, as follows:
"9.243 Trailer, Mobile Home: A vehicle equipped for use as a dwelling and designed to be hauled along a highway." (Emphasis added).
"9.245 Trailer, Travel: A vehicular, portable structure built on a chassis designed as a temporary dwelling for travel, recreational, and vacation use with a body width not exceeding eight (8) feet and a body length not exceeding thirtytwo (32) feet."
The structure involved here is too large to be classified as a travel trailer, or a "Trailer, Travel," as that term is used in Sub-Section 9.245. It, however, was unquestionably a Mobile home, a trailer or a "Trailer, Mobile Home," as those terms are defined in Sub-Section 9.243, when defendant acquired it and when she first moved it to the lot where it is now located. The issue presented here is whether defendant has modified that structure to such an extent that by the time of the trial it had ceased to be a mobile home or a trailer, and instead had become a single-family dwelling, as those terms are used in the ordinance.
The evidence shows that after the mobile home was moved to defendant's newly-acquired lot on January 5, 1976, it was placed on concrete blocks and the wheels were removed from it. Defendant arranged to obtain electrical service to the trailer, but she has never had it connected with other public utilities, such as water, sewerage and gas. She indicates in her testimony that she has tried to have it connected with those utilities, but that the city officials would not permit her to obtain water connections.
*694 Mrs. Benoit testified that when the mobile home was moved onto her lot, she had it placed on concrete blocks and had the wheels removed as a part of her plan to make it a permanent installation. She stated that she intends to remove the tongue, or trailer hitch, from the frame of the trailer, but that up to the time of the trial that had not been done and she had taken no steps to have it removed. She also stated that she wants to "brick the front and sides" of the mobile home if she succeeds in getting it connected with sewerage and water. According to her testimony, she informed the Board of Adjustment of the City of Oakdale that she would do "whatever it took to make it a home." The evidence shows that up to the time of the trial the trailer hitch and axles had not been removed from the mobile home, and the front and sides of the structure had not been enclosed with bricks or with anything else.
At the time defendant purchased the mobile home, she filed an "Application for Certificate of Title and Truck Registration" with the Louisiana Department of Revenue, Motor Vehicle Division, pursuant to the Vehicle Certificate of Title Law (LSA-R.S. 32:707). In that application, and in the Certificate of Title of a Motor Vehicle which was issued to her pursuant thereto, the item which she acquired was described as a "Vista Villa Hse. Trl. 14 Ã 78," 1974 model, Serial Number 1073-478-S5621. In connection with that purchase she paid sales taxes amounting to $574.65, and a title registration fee of $3.50.
On January 21, 1976, the day this case was tried, defendant recorded an affidavit in the Conveyance Records of Allen Parish, in which she stated "I am the owner of the following described mobile home designed for human habitation . . .," and that "the location for said mobile home is to be and remain a permanent location." The mobile home was not described in that document, but the affidavit did contain a description of the lots of land on which it was located. In recording that affidavit, defendant apparently intended to convert the mobile home from a vehicle to an immovable, under the provisions of the Vehicle Certificate of Title Law. See LSA-R.S. 32:710N(2). She failed to comply with the requirements of that statute, however, and the recording of the affidavit thus did not have the intended effect. We do not feel that complying, or failing to comply, with the above statute determines the issue presented here, but we think it is significant that in the above affidavit, filed on the day of the trial, defendant described the structure at issue here as a "mobile home."
The record contains several photographs of defendant's mobile home at its present location. Defendant testified that those photographs correctly show that structure as it existed at the time of the trial. We have examined those photographs, and they appear to us to depict a typical large house trailer or mobile home, resting on concrete blocks with the wheels removed. The trailer and the lot on which it is located are neat and well kept. We believe, however, that anyone who views the structure in which defendant now lives would identify it, without question, as a house trailer or mobile home.
In Smith v. DeVincent, 322 So.2d 257 (La.App. 2 Cir. 1975), the defendants were enjoined from using as residences two mobile homes, which were located on property where a subdivision restriction prohibited the use of "trailers" for residential purposes. One of the mobile homes was 14 Ã 80 feet in size. It was resting on cinder blocks, and the springs, axles, wheels and tow bar had been removed from it. The structure was connected to utilities and to a septic tank, and was being used as a home by one of the defendants. The Court of Appeal, Second Circuit, held that the mobile home was a "trailer," within the meaning of the subdivision restriction, and judgment thus was rendered permanently enjoining the owner from using it as a residence while it was located in that subdivision. The court said:
"We also note that mobile homes or house trailers have been on the market for several decades, and were then and *695 are now available to rural lot owners. By whatever name, these homes convey to reasonable minds a rather elongated structure (10 to 14 feet in width by 40 to 80 feet in length), capable of being towed on the highways, with axles and wheels attached to the frame of the structure. The very name mobile or trailer conveys this meaning. The overall appearance, as distinguished from exterior decor, of one mobile home is not grossly dissimilar to another, and in the eyes of reasonable men, they all "look alike." We also take note that occasionally they may be immobilized on a particular location, but nonetheless, remain capable of being mobilized without too much effort and expense."

* * * * * *
"We do not hold that a mobile home is a trailer under every circumstance. We hold only under the circumstances and under the subdivision regulations which we are required to interpret that the mobile homes of the defendants are trailers, against which there is no restriction as to remaining on the property but which, by restriction number four, may not be used temporarily or permanently as residences."
We realize that a subdivision restriction, rather than a municipal zoning regulation, was involved in Smith v. DeVincent, supra. We nevertheless agree with the reasons assigned by the Second Circuit Court of Appeal in that case, and we feel that those reasons are applicable here. The court recognized in that case that conventional restrictions imposed on the use of property must be interpreted stricti juris, and that every doubt should be resolved in favor of the unencumbered use of such property. It nevertheless found, correctly we think, that the mobile homes involved there were "trailers," and were not "residences," as defined in the deed restrictions.
The law is settled that a zoning ordinance, being in derogation of rights of private ownership of property, must be strictly construed in favor of the property owner. East Baton Rouge Parish v. Bratcher, 244 So.2d 915 (La.App. 1 Cir. 1971); Rundell v. May, 258 So.2d 90 (La.App. 2 Cir. 1972). The ordinance should be enforced, however, when its provisions are clear and unambiguous, and where there are no other valid legal grounds to prevent its enforcement.
Article 14 of the Civil Code provides that the words of a law are to be understood in their "must usual signification," and that in construing laws we are to consider the"general and popular use of the words."
House trailers or mobile homes are used extensively in this area. We believe that most people are familiar with their appearance, and that the general and popular use of those words indicates to them a structure such as the one which defendant owns in this case. In our opinion most, if not all, of them would identify defendant's present residence as a house trailer or a mobile home, even though it is supported by concrete blocks and the wheels have been removed.
Sub-Section 9.243 of the Zoning Ordinance of the City of Oakdale defines a trailer, or a mobile home as "A vehicle equipped for use as a dwelling and designed to be hauled along a highway." The structure involved here is equipped for use as a dwelling, and it is designed to be hauled along a highway. It is registered as a "House Trailer," and thus as a vehicle, under the Vehicle Certificate of Title Law. It is equipped with a frame, axles, wheels and a trailer hitch, all of which enable it to be towed on a highway. It is narrow enough to permit it to be hauled on a public road, and it clearly was designed so that it could be towed from place to place. Although it is resting on concrete blocks now, we are convinced that the blocks can be removed and the wheels re-installed without much delay or difficulty, and that the mobile home thus can be easily put in condition "to be hauled along a highway."
Our conclusion is that the zoning ordinance prohibits the locating, erecting, altering or use of a house trailer or mobile home, such as the one owned by defendant, in the area zoned or designated by that ordinance as an A-2 Single-family (Low Density) District.
*696 For the reasons assigned, the judgment appealed from is reversed. Judgment is hereby rendered in favor of plaintiff City of Oakdale, and against defendant, Delores Navarre Benoit, (1) declaring that the Zoning Ordinance of the City of Oakdale prohibits the locating, erecting, altering or use of a house trailer or mobile home in an area zoned or designated by that ordinance as an A-2 Single-family (Low Density) District, (2) declaring that defendant's Villa Vista House Trailer, 14 &times78 feet, Serial No. 1073-478-S5621, is a trailer, house trailer or mobile home, as those terms are defined in the above ordinance, and (3) decreeing that defendant, Delores Navarre Benoit, is in violation of the above zoning ordinance by locating, erecting, altering or using the above house trailer or mobile home in an area zoned or designated as an A-2 Singlefamily (Low Density) District. All costs of this suit and of this appeal are assessed to the defendant-appellee, Delores Navarre Benoit.

REVERSED AND RENDERED.