|, PICKETT, J.

FACTS

In 1979, W.C. McGehee, owner of the entirety "of Lot 18 in Upper Coosa Subdivision, sold the southern half of Lot 18 to Larry L. Brown, Sr. The act of sale filed in the conveyance records in Concordia Parish included the following relevant clauses:
This sale is made and accepted subject to the following restrictions and conditions applicable to the hereinabove described property, which restrictions-shall be binding on the vendee, his heirs, successors and assigns and any subsequent sale or transfer of the said property shall be subject thereto, although not set forth therein:
[[Image here]]
(c) No trailer shall ever be erected, moved, or placed on the hereinabove described property by the purchaser, his successors, or assigns.
Juana Alicia Bare is successor-in-title to W.C. McGehee and owns the northern half of Lot 18.
James and Shelia King are successors-in-title to Larry L. Brown and are the owners of the southern half of Lot 18. The Kings purchased the property in April 2001.
A dispute arose between Bare and the Kings when the Kings moved a mobile home onto their lot. Bare filed a Petition for Injunctive Relief on May 22, 2002. The trial court denied her request for a temporary restraining order and set a hearing date on June 10, 2002, to consider whether a preliminary injunction should issue. Prior to the hearing, the Kings executed a bill of sale on the mobile home and an act of immobilization. These were recorded in the conveyance records. At the hearing, by stipulation, the parties converted the hearing to a trial on the merits on the permanent injunction. The matter was tried and taken under advisement.
| ¡>By letter dated July 10, 2002, the trial court notified the parties that he had determined “that the structure placed on the property in question is not a “trailer” and does not violate any restrictive covenant[.]” A judgment denying the permanent injunction was signed on July 24, 2002. This appeal followed.

ASSIGNMENTS OF ERROR

The appellant, Juana Alicia Bare, alleges six assignments of error:
1) The trial court abused its discretion by failing to set the hearing on the preliminary injunction timely, in accordance with the legislature’s command.
2) The trial court committed manifest error by failing to find that the used house trailer or mobile home purchased by the Kings was the type of improvement prohibited by the building and use restrictions that were in place on the King property.
3) The trial court committed manifest error by ignoring and failing to enforce the predial servitude, restrictive covenant, mi generis real right, or stipulation pour autri running in favor of Bare’s property.
*418 4) The trial court committed manifest error by applying an irreparable injury standard to its analysis of the facts of this case.
5) The trial court committed manifest error by allowing testimony and photographic evidence on the issue of Bare’s property.
6) Because the trial court expressly found that the Kings’ structure was not a trailer, it had to classify the structure as something else. Based on the evidence presented at trial, it is apparent that the trial court reached its determination, at least in part, on the act of immobilization. As such, the trial court committed manifest error, because it misapplied the law of immobilization.

DISCUSSION

The first assignment of error concerns the application of La.Code Civ.P. art. 3602, which states:
A preliminary injunction shall not issue unless notice is given to the adverse party and an opportunity had for a hearing.
An application for a preliminary injunction shall be assigned for hearing not less than two nor more than ten days after service of the notice.
lain this case, the petition for injunction relief was filed on May 22, 2002, and the defendants were served on May 23, 2002. The appellant argues that the court’s failure to hold a hearing within ten days of service should result in reversal.
On the day the Petition for Injunctive Relief was filed, the court executed an order which set the hearing on the preliminary injunction for June 10, 2002. Nothing in the record indicates that Bare objected to the setting of the hearing on a date which fell outside the time delays in the statute. At the hearing, the parties stipulated that they would convert the matter to a trial on the permanent injunction. Again, there was no objection regarding any procedural flaw in the setting of the hearing. We find any objection to the court’s violation of Article 3602 regarding the fixing of the hearing date was waived by the party’s failure to timely object. This assignment of error lacks merit.
The second assignment of error alleges the trial court erred in finding the structure placed on the property at issue is not a trailer and did not violate the building and use restrictions encumbering the property.
Regarding the interpretation of restrictions on the use of property, the Louisiana Supreme Court stated as follows in McGuffy v. Weil, 240 La. 758, 125 So.2d 154, 158 (1960):
The law favors the free and unrestrained use of immovable property. It follows that any doubt as to the interpretation of a servitude encumbering property must be resolved in favor of the property owner. LSA — Civil Code, Article 753 [Now La.Civ.Code art. 730], The intention of the proprietor to establish a servitude must clearly appear from the title document. Noel Estate v. Kansas City Southern & Gulf Ry. Co., 187 La. 717, 175 So. 468 [1937]; Clark v. Reed, [La.App.1960, 122 So.2d 344], The contract, under consideration, explicitly declares that the restriction ‘shall constitute a covenant running with the land and shall be binding upon * * * all subsequent owners * * *.’ The recitals of the contract leave no doubt that a real obligation was created.
|4In the instant case, there also is no doubt, based on the language in the act of sale from W.C. McGehee to Larry L. Brown, that a real obligation was created which is binding on the Kings, Mr. *419 Brown’s successors in title. The issue becomes whether the mobile home, placed on that property by the Kings, is a ‘trailer’ as contemplated by the restrictive covenant and, therefore, prohibited.
We have reviewed the evidence in this matter, including the photographs introduced into evidence and marked as P-13 through P-17. The first two show the structure being wheeled down the highway by a truck. The third and fourth photographs show the truck with half of the structure behind it on the property at issue. The last picture shows one-half of the structure on the property. There is no question the structure placed on the property at issue is in fact a mobile home.
Similar issues have been addressed by this court. In Mouille v. Henry, 321 So.2d 377 (La.App. 3 Cir.1975), a subdivision’s restrictive covenant prohibited living in a “tent, trailer or shack”. This court, relying on a dictionary definition, found that a mobile home is a trailer. It rejected the appellant’s argument that the 1957 restrictions did not contemplate a mobile home or modular home building and affirmed the trial court’s grant of a mandatory injunction.
In City of Oakdale v. Benoit, 342 So.2d 691 (La.App. 3 Cir.), writ refused, 344 So.2d 670 (La.1977), this court was called on to interpret a city zoning ordinance which defined “trailer, mobile home” as a “vehicle equipped for use as a dwelling and designed to be hauled along a highway.” The defendant in that case had placed a mobile home on a lot in an area not zoned for such structures but had removed the wheels and axles and put the trailer on concrete blocks. This court, citing Smith v. DeVincent, 322 So.2d 257 (La.App. 2 Cir.1975), found the mobile home at issue was a ‘trailer’ and prohibited in that particular area by the zoning ordinance.
We find instructive the provisions of La. R.S. 32:1, which defines certain terms for the Louisiana Highway Regulatory Act, and defines “mobile home” as follows:
(a) a trailer or semitrailer which is designed, constructed and equipped as a dwelling place, living abode or sleeping place, either permanently or temporarily, and is equipped for use as a conveyance on highways; or, (b) a trailer or semitrailer whose chassis and exterior shell is designed and constructed for use as a mobile home, as defined in (a), but which is used instead permanently or temporarily for the advertising, sales, display, or promotion of merchandise or services, or for any other commercial purpose except the transportation of property for hire or the transportation of property for distribution by a private carrier.
Considering the statutory definition, and our jurisprudence, we find the mobile home at issue is a ‘trailer’ and is prohibited by the restrictive covenant against the King property. The trial court erred by failing to grant the permanent injunction and the judgment of the trial court is reversed.
Considering our discussion above relative to the restrictive covenant contained in the deed and our determination that the mobile home at issue violates that restrictive covenant, thereby entitling the appellant to a permanent injunction the remaining assignments of error are moot. Costs of this appeal are assessed against the Kings.
REVERSED AND RENDERED.