GUIDRY, Judge.
This is a suit for a declaratory judgment. Frank Bowes and Andrew Hersey, both sergeants in the Lake Charles City Police Department, and the Lake Charles Municipal Fire & Police Civil Service Board (hereafter the Board) instituted this suit seeking the resolution of a dispute among the parties concerning whether or not Bowes continued to accumulate seniority for promotion purposes while on disability retirement from the Lake Charles City Police Department. The matter was initially submitted for resolution to the Board. However, after an evidentiary hearing, the Board concluded that the issue presented by the parties was one of statutory interpretation. The Board refused to decide the controversy, and instead, suggested that the matter be referred to the district court. Thereafter, the parties petitioned the district court to declare the respective rights of the parties.
After reviewing the minutes of the hearing conducted by the Board and evaluating the facts as stipulated by the parties, the trial court concluded that Bowes was not entitled to credit for seniority for promotion purposes for the period during which he was on disability retirement. Accordingly, the trial court ordered that the Board certify to the City of Lake Charles that Sgt. Andrew Hersey is next eligible for promotion to the position of lieutenant in the Lake Charles Police Department. Plaintiff Bowes appeals from that judgment.
The facts are undisputed. Frank Bowes was hired by the Lake Charles City Police Department on July 19, 1965. On May 15, 1974, Bowes was placed on disability retirement after having been on sick leave for 52 weeks as a result of a job-related injury. On April 15, 1979, Bowes was reactivated into service by the Lake Charles City Police Department subsequent to a finding by the department physician that he was physically able to resume his duties as a police officer.
Andrew Hersey was hired by the Lake Charles City Police Department on October 1,1965. Presumably, he has been in continuous service as a police officer since that time. Prior to Sgt. Bowes reactivation, Sgt. Hersey was at the top of the department promotion list. Subsequent to his reactivation, Bowes was placed next eligible for promotion and Hersey was moved back to second on the promotion list. The record reflects that Bowes was placed ahead of Hersey on the promotion list because Bowes received credit for seniority purposes for the time during which he was on disability retirement. Subsequent to his demotion to second on the aforesaid list, Hersey filed a petition with the Board contending that Sgt. Bowes was not entitled to such credit.
The record reflects that Bowes and Hersey had both attained the rank of sergeant with the Lake Charles City Police Department and both had taken and passed the required test for promotion to lieutenant by the time this action was filed.
*789 The sole issue on appeal is whether Sgt. Frank Bowes continued to accumulate seniority for promotion purposes while on disability retirement.
Under the present facts, a determination of what constitutes seniority for the purpose of advancement in grade is essential. Louisiana Constitution 1921, Art. 14, Sec. 15.1, subd. 3, carried forth as a statute (Louisiana Constitution 1974, Art. X, Sec. 18), contains the definition of seniority applicable within the context of the civil service statute. The aforesaid article provides:
“1. Applicability. This Section applies to any municipality which operates a regularly paid fire and police department and which has a population of not less than thirteen thousand nor more than two hundred fifty thousand according to the latest regular federal census for which the official figures have been made public.

3. Definitions. The following words and phrases when used in this Section shall have the following meaning, unless the context clearly requires otherwise:

t. “Seniority” means the total employment computed for an employee beginning with the last date on which he was regularly and permanently appointed and has worked continuously to and including the date of computation. Time during which an employee has served in the armed forces of the United States subsequent to May 1,1940 shall be construed to mean continuous service and shall be included in the computation of his seniority. Total seniority in the departmental service, including positions of any and all classes, or seniority in any one or more given classes, may be computed for an employee; but in either case employment shall be continuous and unbroken by a resignation or discharge of the respective employee. An employee who is finally discharged or resigns from his position shall forfeit all accumulated seniority. An employee who is suspended and returns to his position immediately following the expiration of his suspension shall not forfeit his seniority accumulated to the date of his suspension, but he shall not be given credit for the lost time at any future compensation.”
Sgt. Bowes contends that the aforesaid statute provides that in order for one to accumulate seniority, an employee’s employment must be continuous and unbroken by either a resignation or discharge of the respective employee. Bowes argues that there is no mention in the statute of the consequences of retirement. Rather, the statute is specific in stating that in the case of resignation or discharge an employee’s ability to accumulate seniority is interrupted. Sgt. Bowes contends that since he neither resigned nor was discharged, his time on disability retirement must be counted towards seniority for promotion purposes. Bowes additionally argues that disability retirement status is analogous to an extended leave of absence. In support of his contention, Bowes avers that while he was on disability retirement he was required by the Department to submit to semi-annual physical examinations to determine if he was able to return to active service. Bowes avers that while on disability retirement status, he was allowed to keep his badge as well as his identification as a police officer. In addition, Bowes argues that in the case of City of Lake Charles v. 74543 Terry T. Boutte (14th J.D.C., Parish of Calcasieu, Nov. 15, 1967), the trial court determined that a person on disability retirement status must be guided by the same rules and regulations regarding conduct as that of a police officer who is on duty. In effect, Bowes contends that since the Department retained control to a significant degree over his conduct and behavior while on disability retirement, he should receive credit for service for the purpose of promotional seniority for that period of time.
Statutory interpretation by the courts is governed by well established principles. In Hanks v. Gulf States Utilities Co., 210 So.2d 345 (La.App. 3rd Cir.1968), reversed on other grounds, 221 So.2d 249 (La.1969), our *790 court noted that in construing a statute, the most important consideration is to determine the intent of the legislature. Appellate courts are required to determine legislative intent from the entirety of the statute and to apply it to the circumstances of the case. See McNamara v. U.P.O., Inc., 389 So.2d 741 (La.App. 2nd Cir.1980), writ denied, 396 So.2d 898 (La.1981). In Breaux v. City of Lake Charles, 338 So.2d 1205 (La.App. 3rd Cir.1976), our court stated:

“It is a well established principle of statutory construction that the meaning of a particular word, clause, or sentence must be determined in light of the statute as a whole, each being construed with respect to and in light of all other provisions to the end that the whole be construed in harmony with the purposes and object therein announced. B.W.S. Corporation v. Evangeline Parish Police Jury, 29S So2d 283 (La.App. 3rd Cir.1974); Danna v. Commissioner of Insurance, 228 So2d 708 (La.App. 1st Cir.1969), writs refused, 255 La. 283, 230 So2d 588. Additionally, words used in the statute should be given their ordinary and usual signification. B.W.S. Corporation v. Evangeline Parish Police Jury, supra.”

Applying the aforesaid principles of statutory interpretation, we conclude that Sgt. Bowes is not entitled to credit for service for seniority purposes for that period of time during which he was on disability retirement. In the first instance, the pertinent statute by its language provides that seniority means the total employment computed for an employee beginning with the last day on which he was regularly and permanently appointed and has worked continuously to and including the date of computation. By giving the ordinary and usual meaning to the aforestated phrase, we conclude that the clear language of the statute provides that seniority is accumulated during that time in which a regular employee of the police department is working continuously by performing those duties and services associated with his position. In other words, for purposes of computing seniority under the statute, there are two requisites: (1) regular and permanent appointment; and (2) continuous service.
During that period in which Sgt. Bowes was on disability retirement, he was not required to nor did he perform those duties and services required of members of the Lake Charles Police Department. Although Bowes did not lose the seniority he accumulated prior to being placed on disability retirement, because he was still regularly and permanently appointed, he is not entitled to. receive credit for service for seniority purposes for time in which he was not working continuously for the police department.
The language of the statute referring particularly to the consequences of a resignation or discharge does not alter or modify the requirements that an employee, to accumulate seniority, must be regularly appointed and work continuously to and including the date of computation. This language in the statute is included to set forth clearly that in computing seniority the time accumulated by an employee prior to resignation or discharge can never be considered. This is also made clear by the very first sentence of the paragraph which indicates that total employment is computed for an employee beginning with the last date on which he was regularly and permanently appointed.
In further support of such interpretation, we observe that the legislature specifically provided that time during which an employee has served in the U.S. Armed Forces subsequent to May 1, 1940 shall be construed to mean continuous service within the meaning of the statute and be included in the computation of employee seniority.
LSA-R.S. 33:2235 provides that when a member of the police department has been placed on disability retirement, he may be reactivated upon a finding by the department physician that he is able to resume his duties. At such time, the department head is directed by statute to restore such employee to employment in the department with only the rank and grade he enjoyed at the time of his removal from *791 service. The aforesaid statute is significantly silent in regard to accumulation of seniority for promotion purposes. Also noteworthy is that the aforesaid statute provides for the restoration to employment of persons on disability retirement once such persons are declared physically able to resume their duties as police officers. Obviously, although one on disability retirement may still be considered a regularly appointed employee, he cannot be considered as continuously working if he must be reactivated in his employment. In addition, we observe that LSA-R.S. 33:2374(B), which pertains to the municipal police employees retirement system, explicitly provides that an employee receives credit for the purposes of the retirement system during that time in which he draws disability benefits. Since the legislature has been so explicit in setting forth the rights of one on disability retirement within the context of the pension and relief fund, we conclude that had the legislature intended for an employee on disability retirement to accumulate seniority for promotion purposes, it would have expressly provided the same within the civil service statute.
Clearly the legislative purpose and intent of the civil service statute, as it pertains to seniority and the promotion of civil service employees, is to reward employees for their longevity within the system by promoting those employees who not only pass the requisite examinations, but also, have the longest periods of continuous service within the system. Surely, this goal would be frustrated if an employee on disability retirement, and thus, not working within the system, is permitted to accumulate seniority for promotion purposes.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiff-appellant, Sgt. Frank Bowes.
AFFIRMED.