446 So.2d 1357 (1984)
Wayne P. BUNCH
v.
TOWN OF ST. FRANCISVILLE.
No. 83 CA 0382.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
*1358 Stanley E. Branton, St. Francisville, for plaintiff.
Jesse L. Means, Jr., St. Francisville, for defendant.
Before SHORTESS, LANIER and CRAIN, JJ.
*1359 LANIER, Judge.
This is a suit for a declaratory judgment by an applicant for a building permit against the Town of St. Francisville (Town) seeking a ruling that the Town's zoning ordinance permits two-family dwellings on property zoned R-1. The trial court rendered judgment in favor of the applicant. The Town took this devolutive appeal.

FACTS[1]
On September 30, 1982, Wayne P. Bunch submitted an application to the Town for a permit to construct a double town house (two-family dwelling) in an area of the Town zoned R-1. On October 12, 1982, the governing authority of the Town (Mayor and Board of Aldermen) determined that two-family dwellings were not permitted in areas zoned R-1 and denied the permit. Prior to that time, there had been no applications for permits to build apartments or multi-family dwellings in areas zoned R-1. The Town had previously received applications for permits for the construction of apartments (multi-family dwellings) in areas zoned R-2 and R-3 and the applicants were directed to apply for zoning changes to the R-4 category, which changes were granted in some cases.

APPLICABLE PROVISIONS OF ZONING ORDINANCE
The pertinent provisions of the Town's zoning ordinance are as follows:
Section 2.1 R-1 Residential Districts

2.101 In R-1 Residential districts only the following uses of property shall be permitted: dwellings; ...
2.104 Area RegulationsFor all buildings except accessory uses....
2. Lot Size
a. There shall be a minimum lot width of seventy-five (75') feet.
b. Every lot shall contain an area of not less than nine thousand (9,000) square feet per family unit.
. . . . .
Section 2.2 R-2 Residential Districts 2.201 In R-2 Residential Districts all of the permitted uses of R-1. Districts shall apply and garage apartment.
. . . . .
2.204 Area Regulations for all buildings except accessory uses....
2. Lot Size
a. There shall be a lot width of a minimum of sixty-five (65') feet.
b. Every lot shall contain an area of not less than six thousand, five hundred (6,500) square feet per family unit.
. . . . .
Section 2.3 R-3 Residential Districts

2.301 In R-3 Residential Districts all of the permitted uses of R-2 Districts shall apply; however, smaller lots are permitted.
. . . . .
2.304 Area RegulationsFor all buildings except accessory uses....
2. Lot Size
a. There shall be a lot width of a minimum of fifty (50') feet.
b. Every lot shall contain an area of not less than five thousand (5,000) square feet per family unit.
. . . . .
Section 2.4 R-4 Residential

2.401 Permitted UsesAll uses permitted in R-1 Residential Districts; apartments; hotels; multi-family dwellings;...
. . . . .
9.108 DwellingA building used entirely for residential purposes and shall not be construed to include trailers. A single-family dwelling is a building that contains only one living unit; a two-family dwelling is a building that contains only two living units; and a multiple dwelling is a building that contains more than 2 living units.

*1360 9.109 FamilyOne or more persons occupying a living unit as an individual housekeeping organization as distinguished from a group occupying a boarding house, lodging house, or hotel.
. . . . .
9.112 Living UnitThe rooms occupied by a family. The living unit must include a kitchen.

RULES FOR INTERPRETING ORDINANCES
The statutory and jurisprudential rules for the construction and interpretation of state statutes are applicable to the construction and interpretation of municipal and parochial ordinances. Lieber v. Rust, 388 So.2d 836 (La.App. 2nd Cir.1980), affirmed, 398 So.2d 519 (La.1981); Louisiana Television Broadcasting Corp. v. Total C.A.T.V., 341 So.2d 1183 (La.App. 1st Cir.1976), writ refused, 343 So.2d 1076 (La. 1977). When a law or ordinance is clear and free from all ambiguity, it must be given effect as written. La.C.C. art. 13; La.R.S. 1:4; Hebbler v. New Orleans Fire Department, 310 So.2d 113 (La.1975); Roman Catholic Church of Archdiocese of New Orleans v. State, Department of Labor, Office of Employment Security, 387 So.2d 1248 (La.App. 1st Cir.1980), writ denied, 394 So.2d 607 (La.1980).
When interpreting a law (ordinance), the court should give it the meaning the lawmaker intended. It is presumed that every word, sentence or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Conversely, it will not be presumed that the lawmaker inserted idle, meaningless or superfluous language in the law or that it intended for any part or provision of the law to be meaningless, redundant or useless. The lawmaker is presumed to have enacted each law with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a law is to be determined by a consideration of the law in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Where it is possible to do so, it is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question which harmonizes and reconciles it with other provisions. A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the law and will carry out the intention of the lawmaker. La.C.C. art. 17; State v. Cazes, 262 La. 202, 263 So.2d 8 (1972); Bowes v. Lake Charles Municipal Fire and Police Civil Service Board, 425 So.2d 787 (La. App. 3rd Cir.1982); Clark v. Board of Commissioners, Port of New Orleans, 422 So.2d 247 (La.App. 4th Cir.1982); Legros v. Conner, 212 So.2d 177 (La.App. 3rd Cir. 1968).
When the expressions of a law are "dubious", the most effectual way of discovering the true meaning of the law is to consider the reason and spirit of it, or the cause which induced the lawmaker to enact it. La.C.C. art. 18; Nash v. Whitten, 326 So.2d 856 (La.1976); Groves v. Board of Trustees of Teachers' Retirement System of Louisiana, 324 So.2d 587 (La.App. 1st Cir.1975), writs denied, 326 So.2d 378, 380 (La.1976). When a law is susceptible to two or more interpretations, that which affords a reasonable and practical effect to the entire act is to be preferred over one which renders part thereof ridiculous or nugatory. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980); Freechou v. Thomas W. Hooley, Inc., 383 So.2d 337 (La.1980). If there is an irreconcilable conflict between the provisions of a law, only one provision can prevail. Macon v. Costa, 437 So.2d 806 (La.1983).
When an administrative body (such as the governing authority of the Town) over a long period of time has placed an *1361 interpretation upon an ambiguous law, the interpretation of such body is entitled to great weight in the determination of the meaning of the law. (This is known as the doctrine of contemporaneous construction.) Lieber v. Rust, 388 So.2d at 841; City of Crowley v. Prejean, 173 So.2d 832 (La.App. 3rd Cir.1965), writ refused, 247 La. 878, 175 So.2d 110 (1965); Curet v. Hiern, 95 So.2d 699 (Orl.La.App.1957).
Because zoning ordinances are in derogation of the right of private ownership of property, they must be strictly construed in favor of the property owner. City of West Monroe v. Ouachita Association For Retarded Children, Inc., 402 So.2d 259 (La.App. 2nd Cir.1981); City of Oakdale v. Benoit, 342 So.2d 691 (La.App. 3rd Cir.1977), writ refused, 344 So.2d 670 (La.1977).

INTERPRETATION OF ORDINANCE
The Town contends that the trial court committed error by failing to interpret the term "dwellings" in Section 2.101 establishing the R-1 classification as limited only to single-family dwellings, by failing to recognize the intent of the governing authority of the Town to limit the R-1 zoning classification to single-family dwellings and by failing to apply the doctrine of contemporaneous construction to interpret the ordinance.
Section 2.101 of the Town's zoning ordinance permits the construction of "dwellings" in R-1 residential districts. The word "dwelling" is defined in Section 9.108 of the ordinance as a building used entirely for residential purposes (excluding trailers). Section 9.108 classifies dwellings as single-family, two-family and multiple. Section 9.109 defines a family as one or more persons occupying a living unit as an individual housekeeping organization. A living unit is defined in Section 9.112 as the rooms (not building) occupied by a family. This definition obviously contemplates that more than one living unit may reside in a building. Section 2.104(2)(b) requires that every lot in a R-1 zoning district "shall contain an area of not less than nine thousand (9,000) square feet per family unit." (Emphasis added). This provision clearly contemplates that more than one family unit may reside on a lot classified R-1, but is silent on whether these family units may reside in the same building or in separate buildings.
Section 2.401 of the ordinance specifically authorizes the construction of apartments and multi-family dwellings in residential areas zoned R-4. If we interpret the word "dwellings" in Section 2.101 for R-1 zoning to mean single-family, two-family and multiple dwellings as defined in Section 9.108, then the specific authority for constructing apartments and multi-family dwellings provided by Section 2.401 for R-4 zones is meaningless because that type of construction is permitted in a R-1 zone. Conversely, if the R-1, R-2 and R-3 zones are limited to single-family dwellings and the R-4 category applies to multiple family dwellings, the two-family dwelling classification of Section 9.108 is rendered meaningless. If Sections 2.101, 2.401 and 9.108 are interpreted literally, their provisions are in conflict.
As previously indicated, there is a presumption that every word, sentence or provision of a law is intended to serve some useful purpose. Further, if a law is susceptible to two or more interpretations, that which affords a reasonable and practical effect to the entire act is preferred over one which renders part thereof meaningless. Interpretations which create inconsistencies should be avoided. Because Section 2.401 specifically permits construction of apartments and multi-family dwellings in areas zoned R-4, it is reasonable to infer that it was the intent of the Town that these types of constructions can be built only in that zone. Since the word "dwellings" in Section 2.101 is not limited by its definition in Section 9.108 only to single-family dwellings, it is reasonable to infer that single-family and two-family dwellings may be constructed in an area zoned R-1. This interpretation is partially supported by the terms of Section 2.104(2)(b) which contemplates that more than one family unit *1362 may reside on a lot in an area zoned R-1 and by the definition of living unit in Section 9.112 which refers to rooms, not buildings. This interpretation gives meaning to the conflicting provisions of the ordinance and does not render any meaningless. This interpretation also follows the rule that ambiguities or conflicts in a zoning ordinance must be construed in favor of the landowner. If the Town wishes for the ordinance to provide otherwise, it should amend the ordinance to specifically say so.
In brief, the Town indicates its original zoning ordinance was adopted in 1961, the ordinance was revised in 1978 primarily to add more zoning categories and the residential R-4 category was added in 1978 to provide for apartments and multi-family dwellings. The only evidence in the record of these facts is the zoning ordinance which is marked prepared for review on October 19, 1978, revised January 18, 1979, and signed by the Mayor on May 22, 1979, with amendments dated March 24, 1981, and April 14, 1981. There is no evidence in the record to show what were the provisions of the Town's zoning ordinance prior to the ordinance that is filed in the record. This court has no authority to consider facts referred to in brief which are not in evidence. Title Research Corporation v. Rausch, 433 So.2d 1105 (La.App. 1st Cir.1983). There is no legislative history in the record to aid us in interpreting this ordinance. See, for example, Lieber v. Rust, 388 So.2d at 840-841; Ethyl Corporation v. Collector of Revenue, 351 So.2d 1290 (La.App. 1st Cir.1977), writ denied, 353 So.2d 1035 (La.1978).
The doctrine of contemporaneous construction is not applicable in this case. The record does not reflect that the Town over a long period of time has interpreted Section 2.101 to bar the construction of two-family dwellings. The stipulation made in the trial court applied to applications for apartments and multi-family dwellings in R-2 and R-3 areas where zoning variances were often granted.

DECREE
For the foregoing reasons, the ruling of the trial court is correct and is affirmed. The Town is cast for all costs in the trial court and in this court, totaling $154.50. La.R.S. 13:4521 and 13:5112.
AFFIRMED.
NOTES
[1] The facts were stipulated by the parties. The only evidence received was a certified copy of the zoning ordinance with amendments.