LANIER, Judge.
This is a suit for a declaratory judgment, La.C.C.P. art. 1871 et seq., by a foreign corporation engaged in interstate trucking seeking a construction of a Louisiana statute, La.R.S. 23:897, and seeking to enjoin the Department of Labor of the State of Louisiana (State) from applying the statute to the foreign corporation. The trial court rendered judgment in favor of the State and dismissed the foreign corporation’s petition with prejudice at its cost. This sus-pensive appeal followed.
FACTS
The parties stipulated the following facts:
1. Plaintiff Roadway Express, Inc. is a commercial motor carrier subject to the jurisdiction of the Federal Highway Administration, United States Department of Transportation and to the regulations promulgated thereby, 49 CFR § 301 et seq.
2. 49 CRF § 391.4 [sic] states:

Physical Qualifcations [sic] for Drivers

(a) a person shall not drive a motor vehicle unless he is physically qualified to do so and, except as provided in Section 391.67, has on his person the original, or a photographic copy of a medical examiner’s certificate that he is physically qualified to drive a motor vehicle.
3. Plaintiff Roadway Express, Inc. requires that each applicant for a driver’s position have a medical examination and a certificate that he is physically qualified to drive a motor vehicle.
4. Roadway Express, Inc. does not hire any applicant who does not have such medical examination and possess such medical certificate.
5. Roadway Express, Inc. does not pay the cost of any such medical examination.
6. On January 11, 1984, the Louisiana Department of Labor demanded that Roadway reimburse a job applicant, Jimmie Drungo for the fee which he paid for a physical examination taken in connection with his application.
7. The Department of Labor based its demand upon La.R.S. 23:897 which provides in relevant part:
It is unlawful for any employer to require any employee or applicant for employment to pay the cost of a medical examination ... required by the employer as a condition of employment.
8. In response, Roadway Express, Inc. advised the Department of Labor that the statute in question was not applicable because the physical examinations at issue are not ‘required by the employer’ but by the Federal Highway Administration regulations.
9. Following an inspection of the personnel records at Roadway’s Monroe, Louisiana, terminal, the Department of Labor, by letter dated January 16, 1985, demanded that Roadway reimburse all applicants and employees identified therein for costs associated with their medical examinations.
10. On March 5, 1985, Roadway Express, Inc. filed the instant Petition for Declaratory Judgment.
CONSTRUCTION OF LA.R.S. 23:897
(Assignment of Error 1)
Roadway Express, Inc. (Roadway) contends La.R.S. 23:897 is not applicable to it because the statute only applies when the medical examination is “required by the *797 employer as a condition of employment”, and the medical examination at issue herein was required by federal regulation, not by Roadway.
The pertinent rules for interpreting this statute are set forth in Bunch v. Town of St Francisville, 446 So.2d 1357, 1360 (La.App. 1st Cir.1984) as follows:
When interpreting a law (ordinance), the court should give it the meaning the lawmaker intended. It is presumed that every word, sentence or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Conversely, it will not be presumed that the lawmaker inserted idle, meaningless or superfluous language in the law or that it intended for any part or provision of the law to be meaningless, redundant or useless. The lawmaker is presumed to have enacted each law with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a law is to be determined by a consideration of the law in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Where it is possible to do so, it is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question which harmonizes and reconciles it with other provisions. A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the law and will carry out the intention of the lawmaker....
When the expressions of a law are ‘dubious’, the most effectual way of discovering the true meaning of the law is to consider the reason and spirit of it, or the cause which induced the lawmaker to enact it.... When a law is susceptible to two or more interpretations, that which affords a reasonable and practical effect to the entire act is to be preferred over one which renders part thereof ridiculous or nugatory.
Initially, we note the parties have stipulated that Roadway “requires that each applicant for a driver’s position have a medical examination” and “does not hire any applicant who does not have such medical examination.” While it may be true that Roadway requires the medical examination because such is required by 49 CFR § 391.41, nevertheless, Roadway still requires the examination within the purview of the statute.
Roadway’s decision to conduct business in this state is its voluntary choice. Such a choice necessarily subjects Roadway to all applicable statutory rules and attendant regulations, state or federal. By conducting business as an interstate motor carrier, Roadway must “require” applicants for employment as drivers to have a medical examination as a condition precedent to employment, in accordance with 49 CFR § 391.41. La.R.S. 23:897 is applicable to Roadway by its plain terms and ordinary meaning.
This assignment of error is without merit.
CONSTITUTIONALITY OF LA.R.S. 23:897
(Assignment of Error 2)
Appellant contends that, if La.R.S. 23:897 is applicable to Roadway, its application is unconstitutional because it violates the Supremacy Clause of the United States Constitution[1] and is preempted by- Federal Highway Administration regulations for interstate motor carriers.
La.R.S. 23:897 is a valid exercise of the police power of this state. States are accorded wide authority to regulate their local economic policy, as long as fundamental rights or suspect classes are not affected. City of New Orleans v. Dukes, *798 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976).
State statutes which are facially valid may be preempted by federal law. The United States Supreme Court, in Fidelity Federal Savings And Loan Association v. Cuesta, 458 U.S. 141, 152, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982), stated as follows:
The pre-emption doctrine, which has its roots in the Supremacy Clause, U.S. Const., Art. VI, cl. 2, requires us to examine congressional intent. Pre-emption may be either express or implied, and “is compelled whether Congress’ command is explicitly stated in the statute’s language or implicitly contained in its structure and purpose.” ... Absent explicit pre-emptive language, Congress’ intent to supersede state law altogether may be inferred because “[t]he scheme of federal regulation may be so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it,” because “the Act of Congress may touch a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject,” or because “the object sought to be obtained by federal law and the character of obligations imposed by it may reveal the same purpose.”
La.R.S. 23:897, as applied to interstate motor carriers subject to 49 CFR § 391.41, is not preempted by federal law. The “pervasive” federal scheme of these Federal Highway Administration regulations involves the safety of those who are affected by interstate motor carriers. No intent can be inferred from these regulations as to who should bear the cost of such compliance.
Interstate motor carriers may consist of individual truck drivers, multi-truck businesses, or businesses which routinely hire several independent trucks and truck drivers. One of these parties must bear the expense of compliance. This state has decided to allocate the cost of compliance to the employer. This does not conflict with the federal regulations or the Commerce Clause.[2]
This assignment of error is without merit.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. U.S. Const., Art. VI, cl. 2.

. Appellant does not contend that La.R.S. 23:897, as applied here, unduly burdens the flow of interstate commerce in violation of the Dormant Commerce Clause power of Congress.