PER CURIAM.
The issue is whether reimbursement for worker’s compensation benefits is a prerequisite for reimbursement of medical expenses from the Second Injury Fund.
John Landry had a preexisting permanent partial disability in 1984 when he sustained a work related injury. American Mutual Insurance Company (American) paid Mr. Landry temporary total disability benefits and approximately $23,000.00 of his medical expenses. Plaintiff, American, filed a claim with the Second Injury Fund Board for reimbursement of these medical expenses. The Board denied the claim. American appealed the decision of the Board by filing suit in district court.
American filed a motion for summary judgment seeking recovery for the medical expenses. Defendant did not oppose the motion. The trial court granted American’s motion. The Board now appeals, contending that under the statute plaintiff is not entitled to reimbursement for medical expenses when the benefits paid have been characterized as “temporary total.”[1]
Louisiana Revised Statutes 23:1378, applicable to the case herein[2], provides in pertinent part:
*52 “A. An employer operating under this Chapter who knowingly employs or knowingly retains in his employment an employee who has permanent partial disability, as defined in Subsection (F) hereof, shall be reimbursed from the Second Injury Fund as follows:
“(1) Supplemental earnings benefits or permanent partial benefits.
* * * * * *
“(2) Permanent total disability.
* * # * * *
“(3) Death benefits.
* ⅛ * * * *
“(4) An employer entitled to reimbursement from the Second Injury Fund shall be reimbursed from said fund for fifty percent of the first ten thousand dollars paid for necessary medical, surgical, and hospital services and medicine for the same injury; thereafter, the employer shall be reimbursed from said fund for all sums paid pursuant to R.S. 23:1203 for necessary medical, surgical, and hospital services and medicine.”
A law that is clear and free from all ambiguity must be given effect as written. Furthermore, when a law is susceptible to two or more interpretations, an interpretation that affords a reasonable and practical effect to the entire act is to be preferred over one which renders part thereof meaningless. Bunch v. Town of St. Francisville, 446 So.2d 1357 (La.App. 1st Cir.1984).
This statute clearly authorizes reimbursement when only certain types of benefits have been paid: supplemental earnings benefits or permanent partial benefits, permanent total disability benefits or death benefits. Medical expenses are reimbursed to an employer who is entitled to reimbursement for the enumerated benefits. A clear reading of the statute indicates that the employer or its insurer must first be entitled to reimbursement for the enumerated benefits paid before it can be reimbursed for the medical expenses. To adopt appellant’s interpretation would render the phrase “entitled to reimbursement” meaningless. Thus, since American is not entitled to reimbursement for temporary total benefits, (because it is not one of the benefits enumerated in the statute), it is not entitled to reimbursement for medical expenses.
Therefore, for the above reasons, the judgment of the trial court is reversed. Appellee is to pay costs.
REVERSED.

. The Board also argues that the trial court erred in awarding reimbursement for temporary total disability benefits. The judgment rendered by the trial court only awards reimbursement for medical expenses. Thus this argument is not addressed.

. Louisiana Revised Statutes 23:1378, was amended by Section 2 of Acts 1985, No. 697. The amended statute is only applicable to injuries occurring on or after October 1, 1985. Thus it is not applicable to this case since the injury occurred in 1984.