577 So.2d 751 (1991)
SUCCESSIONS OF Willie Mae Tucker PLUMMER and James F. Plummer Through Barbara Plummer GUTTUSO
v.
James Wilson PLUMMER.
No. CA 90 0123.
Court of Appeal of Louisiana, First Circuit.
March 28, 1991.
Writ Denied May 24, 1991.
*752 Jeff Bratton, Covington, for plaintiff-appellant.
Lorraine S. Mull, Covington, for mover-appellee.
Before COVINGTON, C.J., and LANIER and GONZALES, JJ.
COVINGTON, Chief Judge.
The issue in this appeal is res nova: whether a man may enable his wife to participate in his parents' succession as an heir by adopting her. The trial court answered in the negative, finding that the adoption of his wife by James Robert Plummer was null and void as a derogation of the rights of Plummer's only son, the issue of his first marriage. We affirm the district court's judgment for the reasons hereinafter assigned.
On May 25, 1988, James Robert Plummer apparently executed a notarial act of adoption of Sheila Ann Martin, his second wife, to whom he was married and with whom he was living at the time. The act of adoption itself is not in the record. He died sometime during July, 1988 (the record is unclear as to the day), predeceasing his father, James F. Plummer, who died on October 13, 1988. On November 29, 1988, the successions of James F. Plummer and his wife, Willie Mae Tucker Plummer, who had died intestate on February 21, 1986, were judicially opened. The statutory testament of James F. Plummer was ordered probated; the granddaughter of the decedents, Barbara Plummer Guttuso, was named as executrix in her grandfather's will.
Thereafter, on May 4, 1989, the grandson of James F. Plummer, James Wilson Plummer, appellee, filed a rule to show cause why Sheila Ann Martin should not be declared incapable of inheriting from his grandfather's succession, pursuant to La. C.C. art. 950. After a hearing on June 30, 1989, the trial judge ruled in favor of James Wilson Plummer, and declared the act of adoption by James R[obert] Plummer of his wife Sheila "null and void." He also denied a motion for new trial which had been filed by Sheila Martin Plummer and Barbara Plummer Guttuso as succession representative.[1] The latter two filed this appeal. James Wilson Plummer answered the appeal and requested attorney's fees and costs for the appeal.
*753 LSA-R.S. 9:461 provides for a notarial act of adoption of a major. It reads, in pertinent part:
§ 461. Right of adoption; conditions, limitations, and procedure; court order
A. Any person eighteen years or older may adopt any person over the age of seventeen years, according to the following conditions, limitations, and procedure:
(1) The adoption shall be effected by the execution of a notarial act signed by:
(a) The adoptive parent or parents and the person to be adopted where the person to be adopted is a major or an emancipated minor.
Appellants contend that because this statute does not expressly prohibit adoption of one's spouse, the legislature could not have intended to forbid same.
Such an argument not only overlooks related statutory and civil code authorities to the contrary, but also the fact that the legislature might not deem it necessary to state a matter of general societal acceptance and understanding. Laws on the same subject matter must be interpreted in reference to each other. LSA-C.C. art. 13. Bunch v. Town of St. Francisville, 446 So.2d 1357 (La.App. 1st Cir.1984). Therefore, we will review these related authorities.
LSA-C.C. art. 214 provides, in pertinent part:
Art. 214. Married persons must concur in the adoption of another person. One of them cannot adopt without the consent of the other.
The adopted person is considered for all purposes as the legitimate child and forced heir of the adoptive parent or parents, including the right of the adopted person or his lawful descendants to inherit from the adoptive parent or parents or the relatives of the latter by blood or by adoption, and the right of the adoptive parent or parents or the relatives of the latter by blood or by adoption to inherit from the person adopted or his lawful descendents, in the same manner and to the same extent as if the person adopted were in fact the legitimate child of the adoptive parent or parents. [Emphasis added.]
As the emphasized language in the first sentence of this article implies, the whole concept of adoption focuses on a third person who is not one of the spouses.[2] This conclusion is self-evident and definitional of adoption.
The emphasized portion of the second paragraph of this article leads us to other related authorities  in this instance, the provisions in our law concerning incest. We have both civil and criminal provisions on this issue. LSA-C.C. art. 90 speaks of the prohibition against marriage between relatives:
Art. 90. Impediments of relationship
The following persons, whether legitimate or illegitimate, may not contract marriage with each other:
Ascendants and descendants.
Collaterals within the fourth degree, whether of the whole or of the half blood.
The impediment exists whether the persons are related by consanguinity or by adoption. Nevertheless, persons related by adoption, though not by blood, in the collateral line within the fourth degree may marry each other if they obtain judicial authorization in writing to do so. [Emphasis added.]
As this article makes clear, whether the relationship is through blood or adoption, ascendants and descendants may not be married to each other. The exception for marriage between relatives by adoption in the last paragraph  collateral relatives  does not apply in this factual situation. Since James Robert Plummer and Sheila *754 Ann Martin were not divorced when he adopted her, the adoption created an impediment to the marriage.
In the criminal context, LSA-R.S. 14:78 defines the crime of incest in pertinent part as follows:
§ 78. Incest
A. Incest is the marriage to, or sexual intercourse with, any ascendant or descendant, brother or sister, uncle or niece, aunt or nephew, with knowledge of their relationship.
B. The relationship must be by consanguinity, but it is immaterial whether the parties to the act are legitimate or illegitimate or related to one another by the whole or half blood.
. . . . .
D. (1) Whoever commits incest, where the crime is between an ascendant and descendant, or between brother and sister, shall be imprisoned at hard labor for not more than fifteen years. [Emphasis added.]
Sub-part A establishes that the mere act of marriage to an ascendant or descendant, without actual intercourse, may constitute incest. Since the adopted person "is considered for all purposes as the legitimate child" of the adoptive parent, Sheila Ann Martin would obviously be a descendant of James Robert Plummer by virtue of adoption. Thus, by definition under Sub-part A, the relationship between them would have been incestuous.
However, Sub-part B saves Sheila Ann Martin from criminal consequences because she and James Robert Plummer were not related by consanguinity. Nevertheless, the civil prohibition in LSA-C.C. art. 90 still applies to their situation: "The impediment exists whether the persons are related by consanguinity or by adoption."
Since the marital relationship existed prior to the adoption, apparently free from any other violations of impediments, this court obviously cannot say that the marriage was null and void. (See, LSA-C.C. art. 94 and its official revision comments). However, the adoption may be held null and void for the stated reasons supra, as well as for additional reasons advanced by appellee.
LSA-C.C. articles 984 and 1976 prohibit transactions involving succession rights of living persons. They provide as follows:
Art. 984. Premature acceptance or rejection; subsequent proper action
Art. 984. The acceptance or rejection made by the heir, before the succession is opened or left, is absolutely null and can produce no effect; but this does not prevent the heir who has thus accepted, from accepting or rejecting validly the succession when his right is complete.
Art. 1976. Future things
Future things may be the object of a contract.
The succession of a living person may not be the object of a contract other than an antenuptial agreement. Such a succession may not be renounced.
The net effect of the adoption in question, were we to uphold it, would be to violate the preceding two articles with regard to the succession of James F. Plummer.[3] If, as counsel for appellant indicates in argument, James Robert Plummer was terminally ill and knew he would probably die before his father, then he also knew that he would not inherit the one-third portion of his father's succession intended for him in his father's will. (Thus, a will would have been ineffective to provide for Sheila because the inheritance intended for him would not become a part of his patrimony prior to his death.) His son, James Wilson Plummer, would instead inherit the entire one-third portion through representation of his father. In executing the adoption of his wife, James Robert Plummer was attempting to give one-sixth of his father's succession, while his father was still alive, to his wife Sheila, circumventing the explicit *755 prohibition against the same in our civil code. This we cannot allow.
For these reasons, the judgment of the trial court holding the adoption of Sheila Ann Martin by James Robert Plummer null and void, thereby rendering her incapable of inheriting as heir from the succession of James F. Plummer under LSA-C.C. art. 950, is affirmed. In the absence of any statutory authority providing for same, appellee's request for attorney's fees and costs must be denied.
Costs of this appeal are assessed to the appellant.
AFFIRMED.
NOTES
[1] In addition to being confirmed as the named executrix in her grandfather's will, Barbara Plummer Guttuso was also appointed as succession representative of her grandmother's succession at her own request.
[2] While counsel in their briefs urge various statements purportedly given by the trial judge in oral reasons for judgment as either correct or incorrect in their respective arguments, we are unable to accept assertions on factual matters in brief which are not also evident in the record. See LSA-C.C.P. art. 2164. The trial judge's oral reasons for judgment were not transcribed or made part of the record.
[3] Since the adoption was executed subsequent to the death of Willie Mae Tucker Plummer, even if it were upheld as valid, Sheila Ann Martin Plummer would be unable to inherit as an heir from her succession, as her capacity as heir would not have been established at the time the succession became open. LSA-C.C. arts. 953, 950.