JiDOUCET, Chief Judge.
This case turns on the definition of retirement as used in the Rules and Regulations of Municipal Government Employees Civil Service Board for the City of New Iberia (Rules).
The plaintiff, Rexine Sellers, began working for the City of New Iberia (the City) as a classified employee on September 15, 1990. On October 25, 1990, the City adopted new civil service rules that became effective January 1, 1991. The new rules made provision for accumulation of sick leave. Before that date, there was no provision for accumulation of sick leave. Ms. Sellers left her position on May 17, 1991. At that time she had accumulated 176 days of unused sick leave. On September 8, 1993 she wrote to the City asking to be paid for her sick leave. The City did not pay. Ms. Sellers sued. The City took the position that to receive payment for accumulated sick leave a person must have the appropriate number of years in service to vest in the municipal retirement system. After trial, the trial judge rendered judgment in favor of the City. Ms. Sellers appeals.
Ms. Sellers contends that the trial judge erred in failing to give the word retirement, as used in the Rules, its ordinary, “dictionary” definition.
|2Rule VIII, Section 2 of the Rules provides for sick leave. Part G of that Section provides that:
“Sick leave credits are cumulative; all unused sick leave shall be carried forward from calendar year to calendar year.” Part 0 of that Section provides that:
“Upon an employee’s regular or disability retirement or termination because of death he, or his estate, if appropriate, shall be paid at his regular hourly rate for all accumulated hours of sick leave. Employees shall not be paid for accumulated sick leave upon termination for any other reason.”
The Rules contain no further explanation or definition of the meaning of the words “regular or disability retirement.” Ms. Sellers contends that since she does not intend to return to work she is retired. Therefore, she argues that she should be paid for her accumulated sick days.
“The statutory and jurisprudential rules for the construction and interpretation of state statutes are applicable to the construction and interpretation of municipal and parochial ordinances.
% ⅜ ⅜ * * *
When a law or ordinance is clear and free from all ambiguity, it must be given effect as written. La.C.C. art. 13; La.R.S. 1:4;....
* * * * * *
When interpreting a law (ordinance), the court should give it the meaning the lawmaker intended. It is presumed that every word, sentence or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Conversely, it will not be presumed that the lawmaker inserted idle, meaningless or superfluous language in the law or that it intended for any part or provision of the law to be meaningless, redundant or useless. The lawmaker is presumed to have enacted each law with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a law is to be determined by a consideration of the law in its entirety and all other laws on the same subject matter, and a construction should be placed on the provi *1214 sion in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Where it is possible to do so, it is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question which harmonizes and reconciles it with other provisions. A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the hplain words of the law and will carry out the intention of the lawmaker. La.C.C. art. 17;....
******
When the expressions of a law are “dubious”, the most effectual way of discovering the true meaning of the law is to consider the reason and spirit of it, or the cause which induced the lawmaker to enact it. La.C.C. art. 18;-
* * * * ⅜ *
When a law is susceptible to two or more interpretations, that which affords a reasonable and practical effect to the entire act is to be preferred over one which renders part thereof ridiculous or nugatory. * * * * * *
If there is an ■ irreconcilable conflict between the provisions of a law, only one provision can prevail.” (citations omitted) (emphasis added).
Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360-61 (La.App. 1 Cir.1984). See also Spragio v. Board of Trustees, 468 So.2d 1323 (La.App. 1 Cir.), writ denied, 472 So.2d 32 (La.1985).
Therefore, to obtain a definition of retirement we must look at the rule in its entirety and attempt to detect the intent of the City in enacting it. We are not limited to the rule itself but may look to other ordinances and regulations concerning retirement of the City’s employees. In this case, the definition of retirement used by the Municipal Employees Retirement System is relevant, especially considering the use of the terms “regular or disability retirement.” And the statement that “Employees shall not be paid for accumulated sick leave upon termination for any other reason.” Testimony presented at trial shows that under the Municipal Employees Retirement System, an employee is eligible for retirement when he or she has ten years of service and has reached the minimum age to retire. An employee is eligible for deferred retirement when he or she has the appropriate number of years in service but has not reached the minimum age. Additionally, an employee may become eligible for retirement because of disability. Accordingly it appears that, in enacting the Rules, the City intended to pay for accumulated sick days only those employees eligible for retirement under the Municipal Employees Retirement System.
Ms. Sellers further argues that this interpretation of the law violates the Constitution’s guarantee of equal protection. We find no evidence of record to support this |4claim. The record supports the conclusion that all employees must meet the same criteria to obtain payment for accumulated sick days.
We find no error in the determination of the trial judge that Ms. Sellers was not eligible to receive payment for accumulated sick days. Accordingly, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED