MCDONALD, J.
Employer liable for workers’ compensation benefit payments and its insurer appeal a judgment granting summary judgment based on a finding that the mover was not a joint employer of the injured worker. For the following reasons, we affirm.
FACTS
James Bergeron (Bergeron) was hired by Tommy Ashton (Ashton), owner of Cajun Cutters, Inc. (a general oil field service company) in April 1998, as a driver. The vehicles used by Cajun Cutters were owned by Thomaston, Inc. (a subchapter S/chapter C corporation owned by Ashton and his wife) and leased to Cajun Cutters. One large truck owned by Thomaston was leased[1] to Ace Transportation Company (Ace). Bergeron, who had a commercial drivers license and experience driving trucks, was assigned by Ashton to be the driver of that truck when it was used by Ace for “hot-shot” runs. Ace had contracts with numerous individuals in the local area to provide trucks and drivers when needed by Ace, whose business was transporting equipment or other goods.
Immediately upon hiring Bergeron, Ash-ton sent him to meet with Robert Mayet, who was the terminal manager for Ace. Mayet required Bergeron to fill out anoth *232 er employment application, checked his Department of Transportation history and sent him to have a physical exam. By early May 1998, Bergeron was an employee of Ace as well as. of Cajun Cutters. Thereafter, when Bergeron drove the Tho-maston truck on a run for Ace, he was paid 25% of the total amount invoiced for that run directly by Ace, who also paid 50% of the cost invoiced to Thomaston, Inc.
|?iTo guarantee Bergeron consistent full-time employment, Ashton had Bergeron assigned as a helper at Cajun Cutters when there were no runs to be driven for Ace. In November 1998, Bergeron was helping another Cajun Cutters employee change out oxygen bottles in the welding rack, when the forklift operator caused the rack to fall over, landing on top of Berger-on. Cajun Cutters’ workers’ compensation carrier paid medical • benefits and weekly compensation benefits. In September 2001, the weekly compensation benefits were terminated based on a finding by the workers compensation judge that Berger-on was earning “90% or- more” of his pre-.injury average weekly wage.
Bergeron filed suit alleging that the proper average weekly wage should have included wages earned from both Ace and Cajun Cutters and that the termination of benefits was improper. Cajun Cutters then filed a third party demand against Ace for contribution, alleging that Ace was the joint employer- of Bergeron. Ace subsequently filed a motion for summary judgment, asserting -that there were no material facts in dispute and that at the time of the accident, Bergeron was working only for Cajun Cutters and therefore, Ace was not a joint employer. Judgment was rendered by the workers’ compensation judge, dismissing the third party demand against Ace with prejudice. Cajun Cutters and its insurer, Gray Insurance Company have timely filed this devolutive appeal.
LAW AND ANALYSIS
The facts in this case are undisputed and the sole issue before us is whether, under these facts, Ace and Cajun Cutters were joint employers of Bergeron in accordance with the Workers’ Compensation law, specifically, La. R.S. 23:1031 B, which provides in pertinent part:
LB. In case any employee for whose injury or death payments are due is, at the time of the injury, employed and paid jointly by two or more employers subject to the provisions of this Chapter, such employers shall contribute to such payments in proportion to their several wage, liabilities to the employee; but nothing in this Section shall prevent any arrangement between the employers for different distribution, as between themselves, of the ultimate burden of such payments.
Appellants correctly note that a decision in this case will depend on jurisprudential interpretation of this statute. However, interpretation of statutes does not begin with case law, but with the stat.ute at issue.
When interpreting a law (ordinance), the court should give it the meaning the lawmaker intended... .The lawmaker is presumed to have enacted each law with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a law is to be determined by a consideration of the law in its entirety and all other laws on the same subject matter, and a consideration should be placed on the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker enacting it.
Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1 Cir.1984).
It is well established by statute and jurisprudence that in order for a *233 worker to be entitled to receive workers’ compensation benefits, the injury must have “arisen out of the employment” in which he was engaged at the time of the accident. Therefore, reading La. R.S. 23:1031 B in conjunction with other, workers’ compensation law, we find that in order for an employer to be jointly liable for compensation benefits for injuries to an employee, the injury must have arisen while performing duties for which he was paid by that employer. This finding does not conflict with jurisprudence from other circuits on this issue. Further, it does not require interpretation or analysis of juris-prudentially created issues, i.e., “amounVdegree of control” or “common enterprise.” The statute simply requires that if, at the time of the injury establishing an entitlement to benefits, an employee is in the course | sand scope of employment for which he is paid by two or more employers, then all the employers are jointly liable for the compensation payments in proportion to their several wage liabilities to the employee.
In this case, it is undisputed that Ber-geron was engaged in work for which he was paid only by Cajun Cutters and the injury arose out of that employment. The fact that he was also an employee of Ace is not relevant because the injury did not arise in the course and scope of the work for which he was paid by Ace. Therefore, the judgment of the workers’ compensation judge dismissing the third party demand against Ace Transportation, Inc. is legally correct and is affirmed. Costs of this appeal are assessed to Cajun Cutters, Inc. and the Gray Insurance Company.
AFFIRMED.
KUHN, J., concurs.

. The truck was kept at the Cajun Cutters work yard and was available for use by Cajun Cutters in its business.