KUHN, J.,
dissenting.
[,In McLane Southern, Inc. v. Bridges, 2011-1141 (La.1/24/12), 84 So.3d 479, the Louisiana Supreme Court found that “La. R.S. 47:841 and 47:854 impose an excise tax of 20% on smokeless tobacco products to be paid by the dealer who first sells, uses, consumes, handles or distributes the product in Louisiana.” According to La. R.S. 47:841 E, that tax is levied upon the “invoice price” as defined in the Louisiana Tobacco Tax Law. And La. R.S. 47:841(12) defines “invoice price” as “the manufacturers net invoiced price as invoiced to the Louisiana tobacco dealer, by the manufacturer, jobber, or other persons engaged in selling tobacco products in accordance with the tax levied by this chapter.” Therefore, under the plain language of Tobacco Tax Law, the “invoice price” is the “manufacturers net invoiced price.” Under McLane’s system of distribution, U.S. Smokeless Tobacco Manufacturing Company (UST-Manufacturing) is the only party that issues a manufacturer’s net invoice price. Thus, under La. R.S. 47:841(12), UST-Manufaeturing’s net invoice price is the price that is correctly designated as the tax base for the application of the 20% tax imposed under La. R.S. 47:841 E.
To construe the “invoice price” set forth in La. R.S. 47:841E as the price charged by “other persons engaged in selling tobacco products” such that, in this case, the taxable base price is the price charged by U.S. Smokeless Tobacco Brands, Inc. (UST-Sales) overlooks the legislature’s use of the adjective | ¡.“manufacturers” to describe the “net invoiced price” in La. R.S. 47:841(12). It is axiomatic that in interpreting a statute, it is presumed that every word, sentence or provision in the statute was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1st Cir.1984). Thus, that construction is either incorrect or the provisions of La. R.S. 47:841 E are ambiguous. And if the latter, because taxing statutes must be strictly construed against the taxing authority, where a tax statute is susceptible of more than one reasonable interpretation, the construction favorable to the taxpayer is to be adopted. Cleco Evangeline, LLC v. Louisiana Tax Comm’n, 2001-2162 (La.4/3/02), 813 So.2d 351, 356.
It should not be assumed that the legislature intended to collect the smokeless tobacco tax from the same dealer described in La. R.S. 47:854 merely because it is logical to collect both the smoking and smokeless tobacco taxes in the same manner. Because the smokeless tobacco tax is based on the invoice price, the legislature could have intended to collect the tax from the tobacco dealer or from the manufacturer, jobber, or other person who invoiced the dealer. See La. R.S. 47:842(12); McLane Southern, Inc., 84 So.3d at 486-87 (Kimball, C.J., dissenting). Likewise, I believe that the legislature must define the taxpayer before collecting the tax. See McLane Southern, Inc., 84 So.3d at 487. For these reasons, I dissent.