771 So.2d 289 (2000)
Robert Weldon RUSSELL, Mary F. Russell, Robert S. McClendon, II and Carmen Maria McClendon
v.
TOWN OF AMITE CITY, Louisiana, and Parker C. Gabriel, Chief of Police for the Town of Amite City, Louisiana.
No. 99 CA 1721.
Court of Appeal of Louisiana, First Circuit.
November 8, 2000.
Duncan S. Kemp, III, Hammond, Counsel for Plaintiffs-AppelleesRobert Weldon Russell, Mary F. Russell, Robert S. McClendon, II and Carmen Maria McClendon.
Joseph H. Simpson, Amite, Counsel for Defendants-AppellantsTown of Amite *290 City, Louisiana, and Parker C. Gabriel, Chief of Police for the Town of Amite City, Louisiana.
BEFORE: FOIL, FITZSIMMONS, and DUPLANTIER[1], JJ.
FITZSIMMONS, J.
Plaintiffs, Robert Weldon Russell, Mary F. Russell, Robert S. McClendon, II and Carmen Maria McClendon, filed a motion for partial summary judgment. Plaintiffs prayed for a grant of summary judgment declaring the town ordinance "establishing the Amite Historic Preservation District and the Amite Historic Preservation District Commission, null, void and without effect as a result of the failure of the Town of Amite City to comply with the provisions of Revised Statutes 25:731, et seq.,...." Plaintiffs also asked that the adoption by the district and the commission of "rules, regulations, policies, procedures and standards" be declared null for failure to follow the requirements of La. R.S. 25:737. The trial court declared the city ordinance null and void. Because the district and commission were without effect, the court found moot the issue of the validity of the rules issued by the commission. Defendants, Town of Amite City, Louisiana, and Parker C. Gabriel, Chief of Police of Amite City, appealed the trial court's partial summary judgment in favor of plaintiffs. We affirm.
Although not all old buildings and structures should be saved, preservation of historically significant properties is an important quest. Historic emoluments can add to the value, both monetary and cultural, of the properties themselves and the community. See La. R.S. 25:731. Equally important are the consequences of an historic district to private property ownership. Much like zoning ordinances, requirements laid down by an historic district commission may have a profound effect on private property rights. Tucker v. City Council for City of New Orleans, 343 So.2d 396, 397-98 (La.App. 4th Cir.), writ denied, 345 So.2d 56 (La.1977).
The ordinance adopted was taken primarily from the applicable state statute. The ordinance provided, in part, that "[n]o private building, structure, or edifice, including fences, boundary walls, party walls, signs, exterior light fixtures, steps and paving or other appurtenant fixtures shall be erected, altered, stored, moved or demolished within the" historic preservation district without the approval of the historic preservation district commission. Code of Ordinances, Part 12. Planning and Development, Chapter 7, Section 12-7004(a); see La. R.S. 25:737A. These provisions may well be in derogation of private property ownership rights, and thus, must strictly comply with the enabling statutes. See Bunch v. Town of St. Francisville, 446 So.2d 1357, 1361 (La.App. 1st Cir.1984). Therefore, standard due process considerations necessitate some notice to residents and property owners of proposed historic districts. The public must be given an opportunity to consider the effect the creation would have on the town's development and the use of private property.
Constitution Article 6, Section 17, provides that a governmental unit "may (1) adopt regulations for ... historic preservation" and "(2) create commissions and districts to implement those regulations...." However, this authority is subject to the "procedures established by law...."
In Title 25, Chapter 16 of Louisiana Revised Statutes, the legislature provided those referenced procedures. It enacted specific statutes governing "Historic Preservation Districts."[2] "Any municipality, *291 ... parish, ... or similar governmental unit, ... may establish ... an historic preservation district commission" and "make such appropriations as are necessary for the purpose of carrying out the provisions of this Chapter." La. R.S. 25:732. A reading of La. R.S. 25:733, et seq. makes it clear that the legislature requires that certain steps be followed. If those requirements are not met, the creation of both the historic preservation district and historic preservation district commission falls. The lead sentence of La. R.S. 25:733 provides that "[p]rior to the establishment of an historic preservation district commission, the following steps shall be taken...." These steps include that, at a minimum, an investigation of the buildings and area proposed for designation as historic must be undertaken. See La. R.S. 25:733(1). After that investigation, the investigatory or study committee "shall" present its report to the local planning or zoning agency; or, if these agencies do not exist, to the governing body of the governmental unit. La. R.S. 25:733(2). Unequivocally, "[a] public hearing shall be held ... at which hearing the report and recommendations of this historic preservation study committee shall be presented and an opportunity afforded the public to consider them ." La. R.S. 25:733(5). Written notice of the hearing "shall be published in the official journal...." Id. After the public notice and hearing, a final written report and recommendations "shall" be made to the governing body. La. R.S. 25:733(6). The final report and recommendations "shall be reviewed in full at an open meeting of the governing body of the governmental unit involved...." La. R.S. 25:733(7). At this mark in the path, the governing body may reject, adopt, or revise the recommendations. The final action of the governing body on the report and recommendations "shall be published in the manner usually provided for the official publication of its acts...." La. R.S. 25:734.
The path continues with other mandatory processes. "After final consideration of the report and recommendations," the governing body may choose to create an "historic preservation district." La. R.S. 25:736. The governing body "may pass an ordinance, law or resolution, ... enacting appropriate regulations in accordance with the provisions of this Chapter, and in accordance with the following guidelines, terms and conditions:" For example, the chief executive of the governmental unit "shall appoint an historic preservation district commission...." La. R.S. 25:736 & 736(1) (As previously noted, La. R.S. 25:733 requires an investigation and initial report precede the creation of the commission.).
Subject to the ordinance establishing the historic preservation district commission, the commission has the authority and power to regulate an historic preservation district. La. R.S. 25:737A. In La. R.S. 25:742, the Louisiana Legislature provided, as follows: "It is the intent and purpose of this Chapter that the regulatory powers conferred by it on an historic preservation district commission, created under its authority, shall apply to all private property, in the area controlled by it, ... insofar as they constitute part of the entirely or tout ensemble of the historic section." However, the governing body need not seek the advice of the commission before initiating a change or construction on a public area or way. La. R.S. 25:742. On appeal of the commission's decision, requested by "any person ... aggrieved," the governing body has the power to affirm, or to "reverse, change, or modify any decision of the commission...." La. R.S. 25:741.
Much is made by defendants of the use of the term "may" in the following sentence: "The ... governmental unit ... may appoint an historic preservation study committee for the purpose of making an investigation of any proposed historic preservation district." La. R.S. 25:733(1). Defendants argue that the legislature's use of the permissive "may" renders the appointment of a study committee discretionary *292 in the creation of a district and commission under La. R.S. 25:731, et seq. Defendants also refer to the use of the permissive "may" in other statutes, primarily, La. R.S. 25:732 and 736. They conclude that the creation of a commission is also not mandatory, and not necessary to regulate an historic preservation district. Thus, the defendants argue, with the authority granted the governmental unit by Louisiana Constitution Article 6, Section 17, and the general zoning laws, a governing body may create an historic district. Furthermore, defendants postulate that the necessary regulations can be penned and implemented, without the need of an historic preservation study committee or an historic preservation district commission. In essence, defendants argue that Amite City need not comply with the requirements of the enabling statutes, La. R.S. 25:731, et seq. Plaintiffs assert that Amite city must substantially comply, and did not.
We agree that the use of the permissive "may," especially in La. R.S. 25:733, amidst a sea of mandatory "shalls" in the same statute and throughout the Chapter, is somewhat misleading. However, the statutes cannot be interpreted by review of bits and pieces of the statutory scheme. All the words, like drops comprising the endless sea, must be read together. Thus, the meaning and intent of a law is to be determined by a consideration of the law in its entirety and all the laws on the same subject matter. La. C.C. art. 13. Also, when interpreting the law, the court should give it the meaning the lawmaker intended. La. C.C. art. 11.
Amite City chose to create an historic preservation district and commission under La. R.S. 25:731, et seq. We find those statutes to be the applicable law. The sole question is whether Amite City sufficiently complied with these enabling statutes.
From our review of the legislative goal and statutory scheme, the legislature's use of the permissive "may" indicates the governmental unit's ultimate decision-making power. The governing body "may" decide to create an historic district and commission, or not. La. Const. art. 6, § 17; La. R.S. 25:733-36. It "may" reject the reports and recommendations. La. R.S. 25:734. By ordinance, it "may" enact appropriate regulations for the district and affect the procedures used by the commission. La. R.S. 25:736 & 737A. It "may" revise or reject commission decisions. La. R.S. 25:741. However, these powers do not void the statutory requisites for creation of the district and commission, particularly those for public notice and hearing.
The trial court made no error annulling the ordinance. Although the governing body of the town of Amite City enacted the ordinance creating the Amite Historic Preservation District and the Amite Historic Preservation District Commission, the ordinance stated that the district was "established in compliance with Louisiana Revised Statutes 25:731 through 25:767." Code of Ordinances, Part 12. Planning and Development, Chapter 7, Section 12-7002. Unfortunately, the city did not sufficiently comply with the requirements of those enabling statutes. Clearly, the required investigation and report were not undertaken by any agency, much less a study committee. The public was not provided with the statutorily mandated reports or recommendations. Requisite public notices and hearings were never properly birthed. Without the required reports and recommendations, and without the periodic statutorily required public notices and hearings, the procedure followed by Amite City was fatally flawed. The flaw affected the creation process for both entities: the district and the commission. Therefore, we see no basis for the severability argument made by defendants.
For these reasons, we affirm the trial court's grant of partial summary judgment. The costs of the appeal, $695, are assessed to defendants: Town of Amite *293 City, and Parker C. Gabriel, as Chief of Police of Amite City.
AFFIRMED.
NOTES
[1] Honorable Thomas R. Duplantier is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Exemptions were passed to exclude certain historic districts previously created. La. R.S. 25:745 The State Capitol Historic District and historic districts in particular designated parishes are governed by La. R.S. 25:751-91.