McDonald, j.
 

 l2The petitioner in this matter, Paul Ko-zlowicz, is a prisoner in the custody of the Department of Corrections, having been convicted of attempted aggravated rape in 1985. In March 2007, he filed a petition in the 19th Judicial District Court titled Petition for the Issuance of Writ of Habeas Corpus Pursuant to C.Cr.P. Art. 353, naming as defendants, the State of Louisiana, Department of Public Safety and Corrections; Richard Stalder, Secretary; and David Bergeron, Warden, St. Martin Parish Correctional Center II. Mr. Kozlowicz contended that he was entitled to be released from incarceration on February 23, 2007, based on a reduction in sentence due to good time.
 

 Louisiana Revised Statutes 15:1184(A)(2) provides, “[n]o prisoner suit shall assert a claim under state law until such administrative remedies as are available are exhausted.” Richard Stalder answered the suit maintaining that the lawsuit asserted claims under state law and filed into the record a copy of the Administrative Remedy Procedure, number HDQ-2007-0635.
 

 The district court handled Mr. Kol-zwicz’s petition as a judicial review of an agency decision. The Department of Corrections response to the administrative review stated:
 

 We have considered your statements in this matter. A qualified Headquarters staff member has closely reviewed your ARP to determine the validity of your claims, to assess this particular situation, and to issue a fair response.
 

 You contend that the Department is negligent in not getting an approved residence plan for you prior to your release date. Act 26 of the 2006 Regular Legislative Session requires that all sex offenders have an approvefd] residence plan prior to being released by diminution of sentence. As stated, your first plan was denied and then your second plan of an out of state residence was submitted. In order to approve an out of state residence the receiving state must approve your residence plan and agree to accept your supervision. Your plan has been submitted. However, the state of Nevada has not returned the Interstate Compact accepting your supervision. As a certain amount of investigation must be conducted to accept your request, it may take awhile before an answer is received. Until such time, you must remain incarcerated unless you can submit another plan that would be approved. Your request for administrative remedy is denied.
 

 
 *1002
 
 _JjThe commissioner’s recommendation noted that the petitioner complained that his due process rights were violated when he was not released from physical custody on his good time release date, and that the Department contended that the petitioner had not obtained a required residency plan prior to his release date. At the hearing, the record was expanded, over petitioner’s objection, to include e-mails obtained by the Department indicating the petitioner’s Nevada residency plan was denied. The petitioner argued that failure of the Department to release him on his good time release date resulted in a loss of good time, and that the loss occurred without a hearing, in violation of his due process rights. The commissioner further noted that the matter would be considered as a habeas complaint as it was a complaint regarding the terms of his release, and he alleges he has been held beyond the release date without legal authority.
 

 The commissioner found that La. R.S. 15:574.4(S) clearly applies to release due to diminution of sentence, and requires that a residency plan be approved prior to release. Neither of the two residency plans submitted by the petitioner had been approved, therefore, he could not be released. Based on the foregoing, the commissioner found that the petitioner failed to show that he was being unlawfully detained and recommended that the complaint be dismissed. Mr. Kozlowicz filed a traversal and request for rehearing into the record. After
 
 de novo
 
 review by the trial court, judgment was rendered dismissing petitioner’s habeas complaint with prejudice at his cost.
 

 Subsequently, an order was issued by the trial court based on the petitioner’s request for rehearing in conformity with habeas relief, rather than as a request for judicial review. The order vacated the trial court’s judgment dated August 14, 2007, dismissing petitioner’s suit. It further ordered that the matter should be set for oral argument on the petitioner’s request for habeas relief.
 

 In November 2007, Mr. Kozlowicz filed an amended petition for the issuance of writ of habeas corpus, alleging that La. R.S. 15:574.4(S) is unconstitutional as applied and/or on its face. A hearing was scheduled for November 19, 2007, which the petitioner |4and the Department attended. At the hearing, an attempt was made to resolve the matter by having a representative from the Department of Probation and Parole meet with the petitioner and assist in devising and approving a residency plan in order to effect release as soon as possible. However, the petitioner preferred that a judicial determination of the legality of the statute be made. The petition to amend was granted, and because the amended petition alleged unconstitutionality of a statute, it was ordered that the attorney general’s office be served with the petition, which necessitated a delay in the proceedings.
 

 The hearing was continued on November 29, 2007. Petitioner argued that La. R.S. 15:574.4(S) should not be applied to him, that it is unconstitutionally vague and overbroad, and is an ex post facto application of law.
 

 Louisiana Revised Statutes 15:574.4(S)(1) provides:
 

 In cases where parole is permitted by law and the offender is otherwise eligible, the Board of Parole shall not grant parole to any sex offender either by an order of the Board of Parole or office of adult services pursuant to R.S. 15:571.3 until the Department of Public Safety and Corrections, division of probation and parole, has assessed and approved the suitability of the residence plan of such offender. In approving the residence plan of the offender, the depart
 
 *1003
 
 ment shall consider the likelihood that the offender will be able to comply with all of the conditions of his parole.
 

 The petitioner argued La. R.S. 15:574.4(S) is unconstitutional as applied to individuals eligible for release pursuant to good time diminution of sentence. Petitioner correctly noted that he was not being paroled and is not eligible for parole. Because the statute says, “in cases where parole is permitted by law and the offender is otherwise eligible ...,” he maintains that it does not apply to prisoners who are being released by diminution of sentence and are not eligible for parole. He notes that the language is clear and unambiguous, and contends the legislature intended restricting the provision to cases of parole only because there are constitutionally protected liberty and property interests involved when a prisoner has earned the right to release by good time. Further, he asserts that prior to being granted parole, prisoners are given a hearing. In this case, he is being |3denied release that he had earned by good time, and therefore, has been deprived of a liberty and property interest without a hearing.
 

 The Attorney General filed an exception raising the objection of no cause of action insofar as it was named as a defendant. However, it did participate in the hearing to argue on the constitutionality of the statute. It argued that the statute gives clear notice to sex offenders of the requirements that must be met prior to release pursuant to a grant of parole or pursuant to release via diminution of sentence; therefore, it is not vague. Contrary to assertions of the petitioner, the Attorney General argued that the process by which the residence plan is assessed meets constitutional requirements. The due process clause only requires that the process be fair, i.e., not arbitrary. The section clearly requires that the division of probation and parole assess “the likelihood that the offender will be able to comply with all of the conditions of his parole.” The conditions of parole are required to be set out in a certificate that a prisoner must sign before he/she is released.
 
 See
 
 La. R.S. 15:571.5 B(l). Under such requirements the statute does not give the Department unbridled discretion to arbitrarily reject a residence plan submitted by a sex offender.
 

 Henry Goines, classification manager for the Department, testified that the crime for which Mr. Kozlowicz is imprisoned was committed July 28, 1985. When prisoners are released by diminution of sentence for crimes committed after July 1, 1982, they are released “as if on parole.” This requires that conditions imposed by the Department of Probation and Parole must be met. Prisoners released for diminution of sentence for crimes committed prior to July 1, 1982, were released with no parole supervision. The certificate presented to a prisoner before being released on parole or for diminution of sentence contains a statement of the conditions to be met, and is signed by the prisoner prior to release. Mr. Goines testified that the certificates are usually prepared approximately 30 days prior to the release date, but that in Mr. Kozlowicz’s case, a certificate would not have been prepared because he had not met all legal requirements |fifor release; specifically, he did not have an approved residence plan in accordance with La. R.S. 15:574.4(S). Mr. Kozlowicz’s full-term release date is May 15, 2009. In response to questions asked by Mr. Ko-zlowicz, Mr. Goines testified that the good time discharge date shown on the Department’s master record reflects the prisoner’s eligibility to be released under La. R.S. 15:571.5, if the prisoner chooses to abide by the conditions set forth in the certificate.
 

 
 *1004
 
 Considering all of the testimony and the evidence submitted at the November hearing, the commissioner reiterated his finding that La. R.S. 15:574.4(S) was applicable to the petitioner, and that an approved residence plan was required before he could be released from custody. He also found that the statute is constitutional, that it is not vague or overbroad, and that it does not engage in dual objectives. Petitioner’s argument that the statute constituted ex post facto application of law and an impairment of contract was found to be without merit. The commissioner noted that the petitioner has not lost or forfeited the previously earned good time, but that by enacting La. R.S. 15:574.4(S), the legislature has imposed an additional requirement on the petitioner and that the Department must comply with the law. The commissioner’s recommendation was that the petitioner’s suit be dismissed with prejudice at his cost, and that the Attorney General’s exception raising the objection of no cause of action be granted.
 

 After careful
 
 de novo
 
 review by the trial court, judgment was rendered granting the Attorney General’s exception raising the objection of no cause of action and, finding that the petitioner failed to show that La. R.S. 15:574.4(S) is unconstitutional or that he is entitled to any relief, the suit was dismissed with prejudice at his cost. That judgment was appealed, and is the matter we now consider.
 

 DISCUSSION
 

 Petitioner assigns 13 errors to the trial court. The first four assignments of error deal with the trial court’s interpretation of La. R.S. 15:574.4(S). It is alleged that the trial court erred by not properly construing the phrases, “In cases where parole is 17permitted by law and the offender is otherwise eligible” and “the Board of Parole shall not grant parole,” and by not applying common and approved usage of the word “parole” when interpreting the statute as applicable to petitioner’s case. Also, petitioner asserts the trial court erred in its conclusion that the Legislature placed the requirement of an approved residency plan on the petitioner.
 

 Assignments of error 5 and 6 challenge the trial court’s finding that the petitioner has not forfeited/lost good time and the conclusion that the petitioner is entitled to receive the benefits of previously earned good time when his residency plan is approved.
 

 Assignments of errors 7 and 8 allege error by the trial court in its conclusion that the petitioner is not entitled to any further due process hearing and that the petitioner’s due process rights were not violated.
 

 Assignment of error 10 alleges that the trial court erred in its conclusion that a contractual agreement was not formed and erred in applying
 
 “Bancroft”
 
 determinations to this case.
 

 Assignments of error 9, 11, 12, and 13 allege the trial court erred with regard to the Constitutional consequences of interpreting La. R.S. 15:574.4(S) to be applicable to matters of release via diminution of sentence; erred in not giving sufficient consideration to the Constitutional and statutory lights of the petitioner; and erred in concluding that La. R.S. 15:574.4(S) does not invoke a dual object prohibition of the Louisiana Constitution.
 

 Petitioner further questions, without foi’mally assigning error, whether the issuance of a final judgment dismissing petitioner’s suit for habeas relief, with prejudice, was appropriate without first having an evidentiary hearing. Petitioner maintains that there were factual disputes involved in the issues raised, and contends
 
 *1005
 
 that he did not have a meaningful opportunity for full evidentiary process.
 

 Petitioner argues that the Legislature intended that the provisions of La. R.S. 15:574.4(S) are only applicable “In cases where parole is permitted by law and the | .¡offender is otherwise eligible.”
 
 [1]
 
 Asserting that he does not meet this statutory threshold, he contends that the provisions cannot be applied to him. Petitioner cites
 
 Hollingsworth v. City of Minden,
 
 01-2658 (La.6/21/02), 828 So.2d 514, 517 for the proposition that “courts are bound to give effect to all parts of a statute and cannot give a statute an interpretation that makes any part superfluous or meaningless.” He further argues, based on
 
 Russell v. Town of Amite City,
 
 99-1721 (La.11/8/00), 771 So.2d 289, 292, that “statutes cannot be interpreted by review of bits and pieces of the statutory scheme[; a]ll the words, like drops comprising the endless sea, must be read together.”
 

 The propositions of law on which petitioner relies are valid; however, we do not agree that applying them to the statute at issue will produce the result petitioner desires. The meaning and intent of a law is to be determined by a consideration of the law in its entirety and all the laws on the same subject matter. La. C.C. art. 13;
 
 Russell v. Town of Amite City,
 
 771 So.2d at 292. Also, when interpreting the law, the court should give it the meaning the lawmaker intended. La. C.C. art. 11;
 
 Id.
 
 We agree with the trial court that the intention of the legislature in enacting La. R.S. 15:574.4(S) was to impose the additional requirement of an approved residency plan prior to the release of prisoners incarcerated for sex crimes, whether they were released by parole or by order of the “office of adult services pursuant to R.S. 15:571.3.” Petitioner’s argument that the quoted words are not rendered superfluous or meaningless because it can be applied to other sex offenders who are permitted parole by law and are otherwise eligible but will be released via diminution of sentence (La. R.S. 15:571.3) rather than by parole fails to recognize that interpretation creates an unconstitutional equal protection of law issue. There is simply no valid reason for the legislature to make the requirement of an approved residence plan binding on sex offenders released by parole and on sex offenders released by diminution of sentence if they are eligible for parole, but does not impose the | ¡[requirement on sex offenders who are released by diminution of sentence but are not eligible for parole. We find no merit in petitioner’s assignments of error 1, 2, 3, or 4.
 

 Assignments of error 5, 6, 7, 8, 9, 11,12, and 13 will be discussed in toto here as they are closely interrelated or intertwined. We note the crux of petitioner’s challenge of the statute is dependent on a property and liberty interest created by the earning of good time credit. The petitioner’s allegations of unconstitutionality, with the exception of the dual object prohibition, are based on his belief that he has a constitutionally protected interest in the good time that he earned, and that due process requires that he be afforded a hearing before the Department can deprive him of it. This also implicates the question that he raises as to the sufficiency of the hearing that produced the judgment he now appeals.
 

 In considering petitioner’s claims of unconstitutionality, we begin with the well-settled principle that all statutory en
 
 *1006
 
 actments are presumed to be constitutional.
 
 Polk v. Edwards,
 
 626 So.2d 1128, 1132 (La.1993). The party challenging the constitutionality of a statute bears the burden of proving that statute to be unconstitutional.
 
 State v. Chester,
 
 97-2790 (La.12/01/98), 724 So.2d 1276, 1282. Statutes are presumed valid and their constitutionality should be upheld whenever possible.
 
 State v. Byrd,
 
 96-2302 (La.3/13/98), 708 So.2d 401, 408,
 
 cert
 
 denied, 525 U.S. 876, 19 S.Ct. 179, 142 L.Ed.2d 146 (1998). Because of these rules of construction, the party attacking the act must establish clearly and convincingly that the constitutional aim was to deny the legislature the power to enact the statute.
 
 Polk,
 
 supra.
 

 Again, petitioner relies heavily on correct propositions of law incorrectly applied to his circumstances. He asserts that he has a due process right to good time once it has been earned or credited, and that the Department is statutorily obligated to promulgate and adopt procedures in accordance with the Administrative Procedures Act prior to the enforcement of forfeiture of good time. Although a prisoner who has been properly convicted has no constitutional or inherent right to early release from a valid sentence,
 
 Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,
 
 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), the state may create an expectancy entitled to constitutional protection.
 
 Wolff v. McDonnell,
 
 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). We do not dispute that the petitioner has statutory and constitutional rights. However, we do not find that any of these rights have been violated.
 

 We recognize that the petitioner was not released on the date, February 23, 2007, that the Department’s master record indicated he could have been discharged pursuant to diminution of sentence. However, this was not due to an action, or omission, by the Department resulting in a violation of due process because it was a deprivation without a hearing. As has already been established, the reason petitioner was not released on his good time discharge date is because he did not have an approved residence plan as required by La. R.S. 15:574.4(S). The fact that he has a constitutionally protected interest in good time does not deprive the legislature of the right to enact legislation that possibly has the effect of impacting that statutorily created interest. Further, the fact that the Department may not deprive a prisoner of good time without a hearing does not have any legal i-elevance to the situation here, because the Department did nothing to deprive petitioner of his good time. Rather, the Department was prohibited by statute from releasing the petitioner.
 

 We have carefully considered all of the petitioner’s arguments and reviewed the cited jurisprudence. As noted previously, petitioner cites valid propositions of law, however, they have little or no application in his case. Due process is a flexible concept that vaiies with the particular situation.
 
 Zinermon v. Burch,
 
 494 U.S. 113, 127, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). The record makes clear that petitioner recognized the difficulty in presenting legal arguments pro se, and requested appointment of counsel, which was correctly denied. The reason we do not find in his favor has nothing to do with the presentation, however, but rather with the substance of the law.
 

 |nWe note that the fact that rules have not been promulgated to define how a residency plan is approved is not fatal in this case because La. R.S. 15:574.4(S) does not require promulgation of a rule, and the required procedure is constitutionally permissible. Further,
 
 Hunter v. Stalder,
 
 98-2326 (La.App. 1 Cir. 6/25/99), 738 So.2d
 
 *1007
 
 1169, the case on which he relies has been overruled by
 
 Victorian v. Stalder,
 
 99-2260 (La.App. 1 Cir. 7/14/00), 770 So.2d 382. We do agree that a published rule may be preferable in order to avoid situations, as here, where the prisoner is unsure of what is required in order for a residency plan to be approved, and also to avoid an appearance of inconsistency in how the approval process is applied.
 

 With regard to petitioner’s argument that he had a contractual interest in good time that was impaired by the passage of La. R.S. 15:574.4(S) in 2006, we are bound by
 
 Bancroft v. Louisiana Dept. of Corrections,
 
 93-1135 (La.App. 1 Cir. 4/8/94), 635 So.2d 738. In
 
 Bancroft,
 
 the petitioner argued that his entry into the good time credits program constituted a contract with the Department, which rendered him not subject to parole conditions under La. R.S. 15:571.5 upon his early release under diminution of sentence. The fact that the petitioner here is not challenging being subjected to conditions as if on parole has no effect on the case’s holding on the contract issue. The court found that Mr. Bancroft’s entry into the good time credits program was only an option he chose to exercise that resulted in his
 
 eligibility
 
 for early release. “The accrual of those good time credits made him eligible for early release by diminution of sentence, provided that he agreed to the parole conditions mandated by La. R.S. 15:571.5 at the time of his release.”
 

 Further, the
 
 Bancroft
 
 case makes clear that any conditions imposed on a prisoner released via diminution of sentence are valid as long as they are lawful on the date of release. The fact that those conditions may not have been required at the time the prisoner chose to earn good time credit is not legally relevant.
 
 Bancroft v. Dept. of Corrections,
 
 635 So.2d at 741.
 

 liaWe also note that this matter was given a full evidentiary hearing. There is no question but that petitioner’s due process rights have been met. Further, the facts relevant to the issues here are not in dispute and a further hearing would serve no purpose.
 

 After careful review of the record, law, and jurisprudence relevant to this appeal, we find no error on the part of the trial court. Therefore, the judgment appealed is affirmed. Costs of this appeal are assessed to Paul J. Kozlowicz.
 

 Petitioner also filed a motion to supplement and correct the appeal record. The motion was granted in part, denied in part, and referred to the panel on the merits of the case to decide whether correction of minute entries for June 11, 2007 and November 26, 2008 should be ordered. The motion is denied.
 

 AFFIRMED. MOTION DENIED.
 

 HUGHES and PETTIGREW JJ„ concur.
 

 [1]
 

 . This contention undermines his former argument that the statute cannot be applied to prisoners being released pursuant to good lime diminution of sentence because of the constitutionally protected property/liberty interest.