# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30297

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2015

Lyle W. Cayce
Clerk

RANDY R. CARSON,

      Plaintiff - Appellant

v.

WAYNE MILLUS,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:13-CV-2774

Before WIENER, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

      Plaintiff-Appellant Randy R. Carson, a Louisiana state prisoner, filed a pro se, in forma pauperis complaint against his prison warden. The federal district court dismissed the complaint as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. We AFFIRM in part, but we VACATE the part of the judgment that dismissed Carson's complaint as frivolous.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30297

## FACTS AND PROCEEDINGS

A Louisiana jury found Carson guilty of four drug charges, including possession of oxycodone (Count 3). *State v. Carson*, No. 2009 KA 1577, 2010 WL 559731, at *1 (La. Ct. App. Feb. 12, 2010). For each count, the Louisiana trial court sentenced him to concurrent five-year terms of imprisonment at hard labor. *Id.* While his appeal was pending with the Louisiana Court of Appeals, the State of Louisiana filed a habitual offender bill of information against Carson as to Count 3, alleging that he was a fourth-felony habitual offender. *State v. Carson*, No. 2010 KA 1522, 2011 WL 1103512, at *1 (La. Ct. App. Mar. 25, 2011). Before the Louisiana trial court held a hearing on Carson's habitual offender status, he was released based on good time credit earned during his original, five-year concurrent sentences. *Id.*

After Carson's release, the Louisiana trial court held a hearing as to the habitual offender bill of information. *Id.* It found that Carson was a second-felony habitual offender. *Id.* Accordingly, it vacated the sentence that it had imposed as to Count 3 and sentenced him to nine years' imprisonment at hard labor, to run concurrently with the five-year sentences for the other three counts. *Id.* He was therefore taken back into custody to serve the remaining term.

In his complaint, Carson alleges that he later discovered that the warden had not credited the good time he had earned while serving his original sentence toward his new, nine-year sentence for Count 3. He asked the warden why this was the case, but the warden did not provide a reason. Carson sued the warden in federal district court under 42 U.S.C. § 1983, alleging a violation of the Due Process Clause and requesting an injunction and monetary damages.

A magistrate judge prepared a Report and Recommendation ("R&R") recommending the dismissal of Carson's complaint. The R&R pointed out that

No. 14-30297

Carson could not seek the reduction of his sentence through a § 1983 action, so the court could not order that the warden restore Carson's good time credit. The R&R then reasoned that Carson could not receive monetary damages for the deprivation of good time either, because "any such relief would imply the invalidity of [Carson's] present incarceration" and would therefore violate *Heck v. Humphrey*, 512 U.S. 477 (1992). The R&R recommended that the district court dismiss Carson's complaint with prejudice as frivolous.

Carson objected to the R&R. He argued that he was not requesting monetary damages or the reinstatement of good time credit. He claimed that he was instead asking for the court to order the warden to provide a hearing about the deprivation of good time credit. So he argued that his claim was cognizable under § 1983.

The district court adopted the R&R. It dismissed Carson's complaint with prejudice as frivolous and for failure to state a claim.

### STANDARD OF REVIEW

We review de novo a district court's dismissal of a prisoner's in forma pauperis complaint as frivolous and for failure to state a claim. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### DISCUSSION

Carson now maintains, as he did in his objections to the R&R, that what he is really seeking is an order requiring the warden to hold a hearing to decide

3

No. 14-30297

whether his good time credits can be forfeited.[1]  Thus, the only question before us is whether the district court erred by dismissing Carson's request for an order that the warden hold a hearing on the forfeiture of his good time credits.

Carson's request for a hearing is likely cognizable as a § 1983 claim.[2]  Ordering a hearing would not "necessarily demonstrate the invalidity of confinement or its duration," *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (citation omitted).  Instead, success would at most allow Carson to receive a hearing about whether he is entitled to good time credits, which is permissible relief under § 1983.  *See id.* (holding that "relief that will render invalid the state procedures used to deny parole eligibility" is available through a § 1983 claim because "[s]uccess . . . means at most new eligibility review, which at most will speed *consideration* of a new parole application").

Carson's claim fails on the merits, however.  Carson can succeed only if he had a liberty interest in his good time credits, and he did not.  "A unilateral expectation of certain treatment is insufficient [to create a liberty interest]; a prisoner must 'have a legitimate claim of entitlement to it.'" *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007) (quoting *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995)).  As explained below, state law prevented good time credit from being carried over to Carson's habitual offender sentence.  So, at least as to his habitual offender sentence, Carson

---

[1] Liberally construing Carson's complaint because it is pro se, it did provide some notice that he was requesting this relief.  Specifically, he stated that he "would move this court to order an injunction, for the instant restoration of good time credits [and] parole, *unless the Defendant can show just cause for the deprivation herein.*"  (emphasis added).  Further, at the time Carson filed his objections to the R&R, he probably could have amended his complaint as a matter of right.  So we assume without deciding that he properly preserved the argument that he was entitled to a hearing concerning the restoration of his good time credit.

[2] On appeal, Carson has not challenged the district court's dismissal of his requests for monetary damages or the restoration of good time credits, so we do not reach the question of whether such relief would be cognizable in a § 1983 action.

No. 14-30297

lacked any legitimate claim to the good time credit he had earned during his previous sentence.

Under Louisiana law, defendants may be tried and sentenced for being habitual offenders after being tried and sentenced for qualifying offenses. La. Rev. Stat. § 15:529.1(A). Once habitual offender status is proved, "the court shall sentence [the defendant] to [an enhanced sentence], and shall *vacate* the previous sentence if already imposed, deducting from the new sentence the time *actually served* under the sentence so vacated." *Id.* § 15:529.1(D)(3) (emphases added). A person sentenced as a habitual offender cannot receive diminution of his sentence through good time credit. *Id.* § 15:571.3(C)(1).

Here, Carson was originally tried and sentenced for possession of oxycodone (Count 3). The State of Louisiana then filed a habitual offender bill of information as to Count 3. After a hearing, the Louisiana trial court determined that Carson was a second-felony habitual offender. As the statute required, the Louisiana trial court vacated Carson's previous sentence as to Count 3. The good time credit he had earned as to Count 3 ceased to exist at this point because the sentence was completely vacated. The statute then provides that the trial court must reduce Carson's sentence by the amount of time he had actually served, and it did so. This statutory scheme prevented the court from reducing Carson's sentence by the good time credit he had earned while serving the vacated sentence. Instead, the statute only allows credit for "the time *actually served.*" *Id.* § 15:529.1(D)(3) (emphasis added). Carson was statutorily ineligible for further diminution of his sentence for good time because he had been sentenced as a habitual offender. *Id.* § 15:571.3(C)(1).

Carson points out that a separate statute provides that the Louisiana Department of Public Safety and Corrections (the "Department") must provide a hearing before forfeiting an inmate's good time, and it can only do so for a

No. 14-30297

limited number of reasons. *Id.* § 15:571.4(D). But Carson's good time has not been forfeited by the Department; instead, it ceased to exist by operation of statute, so he was not entitled to a hearing by the Department. As the Louisiana Court of Appeals has held:

> The fact that [the prisoner] has a constitutionally protected interest in good time does not deprive the legislature of the right to enact legislation that possibly has the effect of impacting that statutorily created interest. Further, the fact that the Department may not deprive a prisoner of good time without a hearing does not have any legal relevance to the situation here, because the Department did nothing to deprive [the prisoner] of his good time.

*Kozlowicz v. State*, 9 So. 3d 1000, 1006 (La. Ct. App. 2009). Similarly, here, the Department "did nothing to deprive [Carson] of his good time," *id.* Instead, his good time was voided when he was resentenced as a habitual offender. The Department therefore did not have to provide Carson with a hearing on the forfeiture of his good time.

Because Carson "cannot establish a violation of [state law], his state-created liberty interest arguments necessarily fail." *Toney v. Owens*, 779 F.3d 330, 343 (5th Cir. 2015). The district court was therefore correct to dismiss Carson's complaint for failure to state a claim.

With that being said, Carson's legal claim was not inarguable, and his factual allegations were not fanciful. Thus, the district court erred in dismissing the complaint as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[Section] 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

## CONCLUSION

As to the habitual offender sentence, Carson had no legitimate claim to the good time credit earned during his previous sentence. Instead, this good time credit was voided as a matter of law when his previous sentence was

vacated and he was convicted as a habitual offender.  The district court did not err in dismissing Carson's claim for failure to state a claim.  Accordingly, we AFFIRM in part.  But we VACATE the portion of the district court's judgment that dismissed Carson's claim as frivolous.  Moreover, because we decline to dismiss this appeal as frivolous, our affirmance in part will not count as a further strike against Carson under 28 U.S.C. § 1915(g).[3]

---

[3] The district court's judgment dismissing for failure to state a claim counts as a strike. *See* § 1915(g) (providing that dismissal for failure to state a claim is a strike).  But our affirmance in part of that judgment does not count as an additional strike. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) ("It is straightforward that affirmance of a district court dismissal as frivolous counts as a single 'strike.'").  Instead, the entire course of this litigation will only count as a single strike against Carson.